STATE OF MAINE *versus* ELIZABETH ANN NELSON.

If an indictment against a *feme covert* describes her as " matron," the error, if it be one, is not sufficient cause, under our statute, for quashing the indictment or arresting the judgment.

Where offences are of the same nature, more than one may be embraced in the indictment.

If the counts are so numerous as to embarrass the defence, the Court, in the exercise of its discretion, may compel the prosecutor to elect on which charge he will proceed.

The buying, receiving and aiding in concealing stolen goods, mentioned in R. S. c. 156, § 10, constitute but one offence, which may be committed in three different modes.

In indictments for larcenies, where the goods of several persons are taken at the same time, so that the transaction is the same, one count may embrace the whole.

In an indictment, one count may refer to another, to save unnecessary repetition, thus : a count for receiving stolen goods, though it does not mention the names of the owners, may, by referring to the other counts in which the names were set out, be sufficient.

In an indictment against a married woman, for receiving stolen goods, it is unnecessary to allege that the offence was not committed by the coercion of her husband.

AN indictment, tried in the District Court, GOODENOW, J. The defendant filed a plea in abatement, that she was not rightly designated, being styled " matron," when she was a married woman, which plea the Judge overruled. The defendant then moved to have the indictment quashed for several reasons, which motion was also overruled ; and a trial was had, and the defendant convicted.

After verdict, the respondent's counsel moved the Court to arrest the judgment, for the cause set forth in the plea in abatement, and for the several reasons which were urged to quash the indictment, which were : —

1. Because, as he alleges the indictment charges three distinct and different larcenies, committed at different times, of the goods and chattels of different persons.

2. Because, as he alleges, the indictment in one count, charges the respondent with three distinct and separate felonies, viz : — 1. buying, 2. receiving, 3. aiding in concealing

stolen goods, knowing the same to have been feloniously stolen, taken and carried away.

3. For not alleging in the count which charges the respondent with buying, receiving and aiding in concealing said stolen goods, &c. the names of the owners of said goods, and for omitting to allege in said count, of the goods and chattels of the right owners.

4. For omitting to allege that the offence was not committed in the presence of, or by the coercion of her husband, or by the authority of her husband, express or implied.

And this motion, the Court also overruled. To these rulings the defendant excepted.

*A. W. & J. M. True,* for defendant.

1. This defendant should have been described truly by her right name and addition, " the addition must be inserted truly." 3 Bac. Abr. 103 ; 2 Hawk. c. 23, § 111 ; c. 25, § 70 ; *State* v. *Bishop,* 15 Maine, 122.

2. To make out the offence, the indictment should have alleged, that the act was done in the *absence* of her husband, and without his coercion or authority, express or implied, for if the law does not presume a married woman, when away from all control of her husband, to act by his coercion, yet surely it would clearly make him the only guilty party, if she in fact acted in his presence, and under his actual coercion, and in compliance with his express command ; and this would have been a good defence on demurrer, if it had appeared by the indictment that she was married, and if so, it is good now. *The People* v. *Wright,* 9 Wend. 96. And the common law need not be *pleaded,* nor is it subject to the same rule that a proviso in a statute is. But like the enacting clause, if there is an exception it must be expressly set forth in the indictment, that the offence does not come under that exception. *State* v. *Godfrey,* 24 Maine, 233.

3. It is not alleged, in the count charging this defendant, who was the owner of the goods, of which she was charged with committing the felony. The right owners' names should have been in this count, and the general reference to the for-

mer counts is not sufficient; the owners' names nowhere appear in the count charging this defendant. *Commonwealth* v. *Manley*, 12 Pick. 174; *Commonwealth* v. *Morse*, 14 Mass. 217. And *non constat* but these goods had changed owners before the receiving.

4. If this indictment shall not be deemed insufficient for the reasons already given, then it brings us to our fourth objection; which is, that this defendant is charged with *three distinct and separate felonies in one count of the indictment.* 1. In being charged with *buying*, *receiving* and *aiding in concealing* stolen goods, &c. which is expressly against law. "The defendant must not be charged with having committed two or more offences in any one count of the indictment." Arch. 32—35. For if so, and the verdict being general, the Court cannot know of which the defendant is convicted or whether it be of all three, and because it may also prejudice the defence, &c. *Wright's case*, 9 Wend. 196; *Lambert* v. *The People*, 9 Cow. 586; *Rex* v. *E. J. Holland*, 5 T. R. 623; *Rex* v. *Horn*, Cowp. 682.

But it will be contended, that the three acts constitute but one offence, but it is equally objectionable, as the indictment now stands, the verdict being general, although the statute be a little ambiguous, for the Judge cannot know if it be called one offence, nor what judgment is to be given. She is charged with all three of "the acts," as they are called, c. 156, § 12, R. S. and has been found guilty generally as charged. Our statute § 10, c. 156, describes these offences, "every person who shall buy, receive *or* aid in concealing any stolen money, goods," &c. This indictment does not use the language of the statute, and why not, if it be all one offence? But is it not because using it disjunctively you could not tell which of the acts they intended to charge? Again, § 12, same statute, uses the same language placing it disjunctively, and further calls them *the three distinct acts* of buying, receiving or aiding in the concealment of stolen property. What are those three distinct acts, to be guilty of all which, is a crime of such magnitude over and above a single offence? Are they not three dis-

tinct *offences*, as well as three distinct acts? If not, then how is the commission of one of those acts an offence?

· *S. H. Blake*, Attorney General, for the State: —

1. The title of " matron" was well, and if not, the misstatement could not avail, as *it* would not prejudice defendant. R. S. ch. 172, sec. 38.

If the title of " married woman" had been given, as con-'tended for by respondent, it would not have aided her " 4th objection," as a married woman is liable *alone*, to indictment for receiving stolen goods. 1 Russell, 26. And the *presence* of her husband, from which the *coercion* might be *presumed*, could not be inferred from the fact or averment of her coverture, but must be proved, if true, in defence, to excuse the wife. And the presence and the command of her husband could both, or either, be shown in defence, under averment of " matron."

The title, therefore, has not prejudiced defendant, hence, not fatal; an indictment need not negative presence of husband, as that is matter of defence, hence 4th objection is not sustained.

2. The offence charged is, of receiving stolen goods, *one offence*, being all received at *one time*, and the averment of three larcenies by Williams, all prior to the act charged upon defendant of *receiving*, is in the nature of inducement, or narrative, or overt acts, leading to the *one* charge, alleged. But an indictment may well charge, and in same count, felonious acts with respect to several persons, as the taking at *one* time, in *one* bundle, the goods of A, B & C. *Commonwealth* v. *Williams*, Thatcher's Crim. Cases, 84; Hale's P. C., 531; *Reg.* v. *Giddings*, C. & Mar. 694; Archbold's Crim. Plea. 53. It cannot, therefore, be a valid objection, that the goods of A, B & C, *received* at *one* time, are charged in *one* count.

3. 2d objection of defendant is, that three felonies, " *buying*, " *receiving*," and " *aiding in concealing*," &c., are charged in same count.

· If these three acts, ch. 156, sec. 10, do constitute, as assumed by counsel for respondent, *three felonies*, the assumption is,

that they coexist in relation to *one receipt* at *one time*, of *one lot* of goods, by same person, and if so, what sound objection can there be, to their being charged in same count? The time, evidence, grade of offence and judgment are same, with this difference, that if *all three acts* are proved, it may expose defendant to ten years imprisonment, sec. 12, — if only one or two of the three, to 5 years only, sec. 10.

If on the contrary, sec. 10 contemplates but *one* offence, but *three* acts, either one of which makes out the offence, and which are merged one in the other, when they apply to one lot of goods, or to one article, as a knife, for instance, then but one felony is here charged in fact. And is there not some reason to infer the Legislature contemplated in sec. 12, the penalty is so severe, that the three acts must have reference to three different *times*, or at least to three different lots of goods or articles, the three *acts* applying, each one of them, only to one of the times or one of the lots?

4. Name of owner of goods need not be averred in count for *receiving*, as it is averred in charge against Williams for stealing, and same articles are referred to, " the goods and chattels aforesaid." Archbold's Precedent, on pages 272 and 273, in which name of owner is not averred.

" The 20th sec. of chap. 126 of the Revised Statutes, (of Mass.) prescribing the punishment of " every person who shall *buy, receive* or *aid in the concealment* of any stolen goods, knowing the same to have been stolen," *describes but one offence*, which may be committed *either* by *buying, receiving or aiding in the concealment* of such goods. And an indictment which charges a defendant with *receiving and aiding* in the *concealment of such goods, charges but one offence. Stevens* v. *Commonwealth,* 6 Metc. 241.

The language and provisions of the statute of Massachusetts, are like those of the statute of Maine upon which the indictment in this case was drawn. R. S. chap. 156, sec. 10.

The indictment charges but *one offence. This* is described in *two counts,* (in order to meet the evidence,) one count alleging that the goods were stolen by a *person known and named;*

the other that the goods were stolen by a *person unknown.* It is *legal, safe* and *proper* so to plead.

I do not notice that this indictment differs from Davis' Precedents, a work upon which, if only two bad forms have been found in it in so long a time, we may rely with much confidence, and particularly so, in a case where it is not perceived that the form adopted did, or could by possibility, prejudice the respondent.

WELLS, J. — Whether the title of matron, given to the defendant in the indictment, would have been sufficient before the provision of the statute, c. 172, § 38, it is not necessary to consider, for the statute prohibits the quashing of any indictment or arresting judgment, for any omission or misstatement of title, occupation, &c., if such omission or misstatement do not tend to the prejudice of the defendant. And it is not apparent, that she was prejudiced, in any manner, by being called a matron.

The decision of the District Court, sustaining the demurrer and overruling the plea, was in accordance with the statute.

The first ground upon which it is claimed, that the judgment should be arrested is, because three distinct larcenies of the goods of different persons are charged in the indictment. But each one of these larcenies is charged in separate counts. And such course is admissible, where the offences are of the same nature. *State* v. *McAllister,* 26 Maine, 374.

If the counts are so numerous, as to embarrass the defence, the Court in the exercise of its discretion, may compel the prosecutor to elect on which charge he will proceed. *State* v. *Flye, ibid.* 312.

The second ground alleged for arresting the judgment is, that buying, receiving and aiding in concealing stolen goods, constitute three distinct and separate felonies, which are all embraced in one count.

The statute, c. 156, § 10, makes the buying, receiving, or aiding in the concealment of stolen goods, but one offence, although it may be committed in three modes. If it is charged

in all three of the modes, still but one offence is committed, and only one punishment can be inflicted. The offence is established by proof of either of the modes, but the penalty is the same for one as for all three of them. There is, therefore, but one crime charged. The eleventh and twelfth sections of the same chapter, speak of it as but one offence. The language of the twelfth section is supposed to be at variance with this construction. It provides for an increased punishment in case of the commission and conviction of the crime, subsequently to the first conviction, " or if any person, at the same term of the court, shall be convicted of the three distinct acts of buying, &c." he is liable to a greater punishment than is provided in the tenth section.

But taking the whole statute together, the meaning of the Legislature must be, that if any person is convicted, at the same term of the court, of three distinct and independent offences under the tenth section, then the increased punishment is to follow upon such convictions. Any person convicted of " three distinct acts" or three distinct offences, is made amenable to a more severe punishment than if guilty of but one offence.

A like construction has been put upon a similar statute in Massachusetts. *Stevens* v. *Commonwealth*, 6 Metc. 241.

It is contended, that the count under consideration is bad, because the defendant is charged with receiving the goods of three different persons, in the same count. But this ground is not contained in the motion. And if, after the exceptions are overruled, a new motion should be made, as was done in *State* v. *Soule*, 20 Maine, 18, it could not avail the defendant. For in the first three counts, the names of the owners are separately alleged, and the ownership could have been tried in each count. Besides, it appears by the indictment, that the defendant received all the goods, at the same time. And in indictments for larcenies, where the goods of several persons are taken at the same time, so that the transaction is the same, one count may embrace the whole. 3 Chit. Crim. Law, 723. No reason is apparent why the same rule, should not prevail for receiving stolen goods, as for larcenies.

It is generally true, that but one offence can be charged in one count. *Commonwealth* v. *Symonds,* 2 Mass. 163.

There is but one offence alleged in this count, although the goods of several are received at one time. If the owners should be so numerous as to prejudice the defence, the Court, in its discretion, might limit the prosecution to such bounds as justice would require. *Commonwealth* v. *Eaton,* 15 Pick. 273 ; *Commonwealth* v. *Tuck,* 20 Pick. 356.

The third ground, for which an arrest of judgment is claimed, is, that the names of the owners of the goods are not stated in the count, charging the defendant with the buying, receiving, &c. The goods stolen, the names of the owners and the person by whom stolen, are stated in the first three counts ; in the fourth, which is the one in question, the defendant is charged with receiving " the goods and chattels aforesaid, to wit," then follows an enumeration of the same goods, which had been described in the first three counts. And after the enumeration is finished, it is further alleged, " so as aforesaid feloniously stolen, &c., by the said John D. Williams, in manner aforesaid," &c.

One count may refer to another to save unnecessary repetition. The charge of receiving the goods and chattels aforesaid, so as aforesaid stolen by Williams, carries with it the allegation of that, which had been previously declared to be an incident to the goods, that is, the property of the persons named. The defendant could not have been convicted of receiving the goods of any other persons, than those which were named. If she had been, she would have been convicted of receiving goods which were not, " the goods and chattels aforesaid." The phrase " goods and chattels aforesaid," must be understood to declare, that they were those previously stated, as being the property of the persons named.

It is moreover contended in the fourth place, that the judgment should be arrested for omitting to allege, that the offence was not committed by the coercion of the husband.

It appears by the plea in abatement, that the defendant, at the time of the commission of the offence, was a married woman, and the demurrer admits such to be the fact.

It is true, that the matrimonial subjection of the wife to her husband exonerates her from responsibility, for certain crimes committed by his coercion or in his company, but where she offends alone, she is responsible for her offence, as much as any *feme sole.* 4 Black. Com. 29. And she may be indicted for receiving stolen goods of her own separate act, without the privity of the husband. 1 Russell on Crimes, 16.

Where a *feme covert* is liable in the same manner as if *sole,* there can be no necessity of alleging in the indictment a negative allegation, that she did not act under the control or coercion of the husband. If such were the case, she could show it in defence, by proof exhibited on trial. And if she were not described in the indictment as a *feme covert,* she would have the right to show, that such was her condition, whenever that fact became material to her defence.

The exceptions are overruled, and the case remanded to the District Court.