## STATE *vs.* JAMES TRACEY.

Under a statute which punishes as a common nuisance the keeping "a grog shop, tippling shop, or building, place, or tenement, used for the illegal sale or keeping of intoxicating liquors, or where intemperate, idle, dissolute, noisy, or disorderly persons are in the habit of resorting;" an indictment charged in one count the keeping a "common nuisance, to wit, a grog shop and tippling shop, and building," &c., and in another count the keeping "a certain grog shop and tippling shop," &c.

*Held,* that the indictment was not bad for duplicity, nor for uncertainty.

A defendant embarrassed by not knowing which of several nuisances kept by him in the town is covered by the indictment may have an order for information.

A court may in its discretion allow leading questions to be put to a witness.

EXCEPTIONS to the Court of Common Pleas.

An indictment was found against the defendant as follows : —

Providence, Sc. At the Court of Common Pleas of the State of Rhode Island and Providence Plantations, holden at Providence, within and for the county of Providence, on the first Monday of December, in the year of our Lord one thousand eight hundred and seventy-seven, the grand jurors of the State of Rhode Island and Providence Plantations, and in and for the county of Providence, upon their oaths present: That James Tracey, of Johnston, in said county, trader, on the first day of January, in the year of our Lord one thousand eight hundred and seventy-seven, and on divers other days and times between said last mentioned day and the day of the finding of this indictment, with force and arms, at Johnston, in the aforesaid county of Providence, did keep and maintain a certain common nuisance, to wit, a grog shop and tippling shop and building, place, and tenement used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

And the jurors aforesaid, upon their oaths aforesaid, do further present that the said James Tracey, trader, on the first day of January, in the year of our Lord one thousand eight hundred and seventy-seven, and on divers other days and times between said last mentioned day and the day of the finding of this indictment, with force and arms, at Johnston, in the aforesaid county of Providence, did keep and maintain a certain grog shop and

tippling shop and building, place, and tenement used for the illegal sale and illegal keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, to the great damage and common nuisance of all the good citizens of this State, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

Preferred by WILLARD SAYLES, *Attorney General.*

At the trial the defendant asked the court to quash the indictment on the ground of duplicity and uncertainty. The request was refused and the defendant excepted. Exceptions were also taken to rulings of the court allowing certain questions to be put to the witnesses for the prosecution. These questions were objected to as leading.

*October* 21, 1878. DURFEE, C. J. We do not think the indictment is bad for duplicity. In the *State* v. *Plastridge*, 6 R. I. 76, 82, an indictment in the same form was sustained. In that case it was contended that the indictment could only be regarded as an indictment at common law. But the court held it good under the statute, holding that only one offence was charged, though charged to have been committed in the several different statutory modes, this being permissible in criminal pleading. The same view is supported by other authority. *State* v. *Nelson*, 29 Me. 329, 334; *Commonwealth* v. *Kimball*, 7 Gray, 328, 331; *Commonwealth* v. *Foss*, 14 Gray, 50; 1 Wharton Crim. Law, § 300.

Neither do we think the indictment is bad for uncertainty as claimed. It is not to be presumed that the accused maintains several places in the same city which are liable to the charge of being nuisances. If he does, however, and is at loss to know which of them is meant, the court undoubtedly would relieve him of the embarrassment on application, by requiring a specification from the government. And it has been held, the offence being local, the prosecution will not be permitted to prove it anywhere in the county out of the town alleged. *State* v. *Nixon*, 18 Vt. 70.

The other exceptions relate to questions put by the prosecution to a government witness, which are complained of as leading. It is in the discretion of the court to allow a leading ques-

tion to be asked, and therefore, even if the question referred to were leading, the exceptions cannot be sustained simply on that account. *State* v. *Williams*, 6 R. I. 207 ; *Edwards* v. *Hopkins*, 5 R. I. 138 ; 1 Greenleaf on Evidence, § 435.

*Exceptions overruled and cause remanded to the Court of Common Pleas for sentence.*

*Willard Sayles*, Attorney General, for plaintiff.

*Charles E. Gorman*, for defendant.