## HALL *v.* THE STATE.

1. On an indictment charging the sale of whiskey to two named persons, proof of a sale to either of them will warrant a conviction.
2. An indictment charging a sale as made to a person named, will be supported by evidence that it was made to him through his servant or messenger, and the latter need not be mentioned by name or otherwise in the indictment.

May 8, 1891. By two Justices.

Criminal law. Liquor. Indictment. Evidence. Before Judge LUMPKIN. Elbert superior court. September term, 1890.

Reported in the decision.

JOHN P. SHANNON, for plaintiff in error.

W. M. HOWARD, solicitor-general, by J. H. LUMPKIN, *contra*.

BLECKLEY, Chief Justice.

1. The indictment charged the sale of whiskey to two named persons. The evidence showed a sale to one of them, not made to him directly, but through the medium of his servant or messenger, the person himself paying for the article on the next day, which payment was accepted by the accused. The evidence was certainly admissible. Did it warrant a conviction? In *Moore* v. *The State*, 79 *Ga.* 498, it was ruled that an ac-

cusation alleging a sale to a named person and other persons unknown, would be supported by proving either a joint or a several sale. And in *Dukes* v. *The State, Id.* 795, a sale to one minor was held to warrant conviction on an indictment charging a sale to two. The principle of these decisions controls this case in so far as the question of a several sale is concerned.

2. It was contended in the argument that as the servant or messenger of the purchaser was not named or referred to in the indictment, and as there was no sale except the one effected to or through him, the transaction which actually took place was not covered by the indictment. We think otherwise. According to the evidence, the servant was not the purchaser, but the agent or instrument through which the purchase was made and the whiskey delivered. If the transaction had been effected through a common carrier, it certainly would not have been necessary to name the carrier in the indictment. Why, then, should it be requisite to name the servant? Had it appeared that the sale was made to an agent for an unknown principal, there might be good reason for holding that the indictment should set forth the agent's name, but here the principal sent for the whiskey, received it, and paid for it in person next day. If the sale was made at all, the accused knew from the indictment what sale was referred to. In his statement he denied the whole business, but the jury believed the testimony, and thought it more credible than the statement.

*Judgment affirmed.*