[No. 6000. Decided March 26, 1906.]

The State of Washington, *Respondent,* v. Joe Butts, *Appellant.*[1]

Criminal Law—Larceny—Information—Duplicity. An information charging the larceny of fence posts upon a certain day, part of which belonged to one person and part to another, is not subject to demurrer for duplicity, where the natural inference from the language used is that they were all taken and carried away at the same time.

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered August 26, 1905, upon a trial and conviction of the larceny of fence posts. Affirmed.

*E. K. Pendergast* and *Perry D. Smith,* for appellant.

*Alvin W. Barry,* for respondent.

Root, J.—Appellant was prosecuted jointly with one Cossalman, upon an information charging grand larceny, alleged to have been committed as follows:

"The said William Cossalman and Joe Butts, on or about the 15th day of March, 1905, in the county of Okanogan aforesaid, then and there being, did then and there feloni-

[1]Reported in 85 Pac. 33.

ously steal, take and carry away three hundred and fifty fence posts, each of said posts of the value of twelve cents and of the aggregate value of forty-two dollars, 250 of said posts of the goods and chattels of one J. D. Boone, and 100 or thereabouts of said posts of the goods and chattels of one A. M. Polk, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the people of the state of Washington.

To this information appellant interposed a demurrer, on the following three grounds, to wit:

"(1) That said information does not substantially conform to the requirements of the code of the state of Washington and does not substantially conform to the laws of the state of Washington. (2) That the facts charged in said information do not constitute a crime. (3) That the facts charged in said information do not constitute a crime, misdemeanor nor any offense against the laws of the state of Washington."

Said demurrer was overruled. A trial resulted in the acquittal of Cossalman and a conviction of appellant of petit larceny. The latter prosecutes this appeal. He urges that his demurrer should have been sustained for the reason that the information charges two offenses, inasmuch as the stolen posts are alleged to have belonged partly to one J. D. Boone, and the other part to one A. M. Polk, and that it does not appear that they were taken at the same time. Respondent urges that the demurrer does not raise this question. Bal. Code, § 6896, states the grounds upon which a demurrer may be interposed to an indictment or information. The first three grounds are as follows: "(1) That it does not substantially conform to the requirements of this code; (2) that more than one crime is charged; (3) that the facts charged do not constitute a crime." Respondent maintains that the objection here urged by appellant could be raised only upon a demurrer expressly assigning the ground of the second subdivision of said statute, to wit: "That more than one crime is charged." We will not pass upon this question for the

reason that we do not believe that the information is subject to the charge of duplicity. The offense is alleged therein to have been committed on a certain day. It is charged that the defendants "then and there being, did then and there feloniously steal, take, and carry away," etc. We think the natural and legitimate inference to be drawn from this language is that all of these posts were so stolen and carried away at the same time, constituting but one transaction. This being true, it would constitute but one offense, even though the ownership of the posts might have been in different persons. The demurrer was properly overruled. *State v. Clark* (Ore.), 80 Pac. 101; Rapalje, Larceny, § 117; *People v. Johnson,* 81 Mich. 573, 45 N. W. 1119; *State v. Nelson,* 29 Me. 329; *Fulmer v. Commonwealth,* 97 Pa. St. 503; *State v. Hennessey,* 23 Ohio St. 339; *Ben v. State,* 22 Ala. 9.

The judgment of the superior court is affirmed.

MOUNT, C. J., CROW, HADLEY, FULLERTON, and DUNBAR, JJ., concur.