[No. 8066. Department One. December 27, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v.
M. C. McCORMICK, *Appellant*.[1]

INTOXICATING LIQUORS — SALE — STATUTES — CONSTRUCTION. Bal. Code, § 7313, prohibiting the sale of "intoxicating or spirituous" liquors to minors, does not mean "intoxicating spirituous" liquors; and includes beer as an intoxicating though not a spirituous liquor.

SAME—SELLING LIQUOR TO MINORS—INFORMATION—DUPLICITY. A complaint charging the sale of beer to four minors on a certain date is not duplicitous as charging four offenses, the reasonable inference being that the beer was sold jointly to all the parties named at one time and as one transaction.

CRIMINAL LAW—TRIAL—VERDICT—FORM. A verdict finding the defendant guilty as charged in the "information" is not prejudicially erroneous from the fact that the trial was upon a "complaint," where the two words were used interchangeably throughout the trial; the form prescribed by Bal. Code, § 6961 being only directory.

INTOXICATING LIQUORS—SALE TO MINORS—EVIDENCE—SUFFICIENCY. The evidence is sufficient to support a conviction for selling liquor to a minor, although the minor and bartender testified there was no sale, where the state's witness testified that the sale was made in his presence and he knew that it was beer from its appearance and smell, the credibility of the witnesses and weight of the evidence being for the jury.

[1]Reported in 105 Pac. 1037.

SAME—CONSENT OF PARENT—PRIMA FACIE CASE. In a prosecution for selling liquor to a minor without the "written permission of his parent," evidence by the father that he had not consented is sufficient to make a *prima facie* case, without evidence as to his mother's consent.

SAME—CONSENT OF PARENT. The burden of proving parental consent as a justification for the sale of liquor to a minor "without the written permission" of the parents, in violation of Bal. Code, § 7313, is upon the defendant.

SAME—ISSUES AND PROOF—INSTRUCTIONS. Upon a complaint for the sale of liquor to four minors, where the state elected to proceed upon the sale to one only, an instruction authorizing a conviction upon the sale to any one of them, is error, but is without prejudice where immediately followed by an instruction confining the jury to the sale to the one as to whom the election was made, and the trial proceeded, and there was no evidence of any other sale.

SAME. A sale of intoxicating liquors to one minor, will warrant a conviction on an information for a sale to two or more.

SAME—SALE MADE "KNOWINGLY." A sale of liquor to minors is made "knowingly," within Bal. Code, § 7313, if the barkeeper making the sale knew, or by reasonable diligence should have known, that the purchaser was a minor.

WITNESSES—CROSS-EXAMINATION—IMPEACHMENT. Upon a prosecution for selling liquors to a minor, in which the minor denied buying beer of the defendant on the day in question, it is proper impeachment to ask on cross-examination whether he had been drinking that evening.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered January 20, 1909, upon a trial and conviction of selling intoxicating liquors to a minor. Affirmed.

*A. H. Mohler* and *Reeves & Reeves*, for appellant.

*Fred Kemp* and *Ludington & Kemp*, for respondent.

GOSE, J.—The appellant was tried and convicted in the justice court of Chelan county, upon a complaint charging him with having sold intoxicating liquors to a minor. Upon an appeal to the superior court of that county, he was again found guilty. From a judgment entered on the verdict, he prosecutes this appeal.

The complaint charges that, on or about September 12, 1908, in the county of Chelan, this state, the defendant unlawfully and knowingly sold intoxicating liquors, to wit, beer, to four minors, naming them, without the written consent of their parent or guardian. It is first alleged that the information does not charge any crime or offense. The code, Bal. Code, § 7313, provides that "every person who shall knowingly sell or give to a minor intoxicating or spirituous liquors without the written permission of the parent or guardian of such minor shall, on conviction thereof, be fined," etc. The precise objection urged is that, construing the statute strictly, the word "spirituous" is definitive of the word "intoxicating," and that the statute should be construed as meaning that the sale of "spirituous, intoxicating liquors" only is forbidden, and that beer is not a spirituous liquor. The suggestion is somewhat ingenious, but in our opinion without merit. The language of the statute is simple and its meaning plain. Interpretation cannot clarify it, and it should not be permitted to confuse or obscure it. The legislature has used the words disjunctively, and it is not the business of the court, by interpretation, to rewrite the statute.

It is contended that, if the complaint charges an offense at all, it charges four offenses. In support of this assignment, reference is made to Bal. Code, § 6844, which provides that, "the indictment or information must charge but one crime." This is ground for demurrer (Bal. Code, § 6896), and no demurrer was interposed; but we will treat the objection as having been properly raised.

In *State v. Butts*, 42 Wash. 455, 85 Pac. 33, the information charged that two persons named therein stole two hundred and fifty posts, the property of B, and one hundred posts, the property of P. There, as here, it was urged that two offenses were charged. The court held, however, that the reasonable inference was that all the posts were taken at one time, constituting but one crime. The reasonable inference in this case is that the beer was sold jointly to all

the parties named, at one time and as one transaction. Black, Intoxicating Liquors, § 517; *Dukes v. State*, 79 Ga. 795, 4 S. E. 876; *Hall v. State*, 87 Ga. 233, 13 S. E. 634. The point is not well taken.

The verdict found the defendant guilty of selling intoxicating liquors to Stanley Nagley "as charged in the information." The language of the verdict is criticised, (1) because the case was tried on a complaint and not upon an information, and (2) because the state, at the close of its case, elected to stand on the sale on September 12, 1908, whilst the complaint charged that the sale was made on or about that date. The first objection is without merit. The words "complaint" and "information" were used interchangeably throughout the trial, and no prejudice resulted to the appellant therefrom. In support of the second ground of the objection, it is said that the code (Bal. Code, § 6961), provides a form of verdict. The language of the statute clearly shows that the form prescribed is only directory. It is further urged in this behalf that the verdict should conform strictly to the state's election. We will refer to this point later in discussing an objection to one of the court's instructions.

It is contended that the evidence is insufficient to support the verdict, and it is argued that only one witness testified to the sale, whilst the barkeeper and Nagley testified that there was no sale, and that the testimony of the state's witness is unreasonable. He testified, however, that on September 12, 1908, the appellant's bartender in his presence sold beer to young Nagley. On cross-examination he said that he knew from its appearance and "smell" that it was beer. The testimony was competent, and the jury evidently believed it and rejected the testimony of the appellant's witnesses. The credibility and veracity of the several witnesses were for the jury to determine, and we cannot review the evidence for the purpose of determining its weight where there is competent evidence to support the verdict.

The father of Stanley Nagley testified that he had not

consented to the sale. It is urged that it was the duty of the state to prove that the young man's mother had not consented. The language of the statute is "without the written permission of the parent." We think the evidence was sufficient to make a *prima facie* case. Furthermore, the burden of proving the parental consent was on the appellant if he desired to justify on that ground. Black, Intoxicating Liquors, § 53.

Error is assigned on the failure of the court to instruct the jury that "before you can find the defendant guilty, you must find from the evidence beyond a reasonable doubt that on September 12, 1908, Stanley Nagley purchased beer of Mr. Huff at defendant's saloon, and that said beer was intoxicating." The court instructed:

"(3) You will notice that the complaint alleges that intoxicating liquor was sold to four different persons on September 12, 1908. It is not necessary for the state to prove a sale jointly or severally to each and all of these four persons. If a sale of intoxicating liquor was made to one of the persons named, at the time, and place, and under the conditions charged in the complaint it is sufficient.

"(4) The prosecution has elected to rely on the alleged sale to Stanley Nagley, and before you can bring in a verdict of guilty in this case you must be satisfied from the evidence beyond a reasonable doubt that the sale alleged in the information was in fact made to Stanley Nagley, at the time and place, and under the conditions, alleged in the complaint; and it is not sufficient to show, merely, that a sale was made to the other persons named in the complaint. In other words, you are to try this case as though Stanley Nagley were the only person to whom it is alleged intoxicating liquor was sold,"

and further, in substance, instructed that the state was required to prove a sale on or about September 12, 1908. The instructions read together, as they must be, clearly informed the jury that the question for them to determine was whether a sale was made to Stanley Nagley on or about September 12. The state having elected to rely upon a sale made on

September 12, and appellant having shaped his defense to meet the sale on that date only, the instruction would be erroneous if it were not for the fact that, when read in the light of the evidence, it is without prejudice.  A sale to one minor will warrant a conviction on an information charging a sale to two or more.  *Hall v. State, supra.*  Black, Intoxicating Liquors, p. 517.  The only sale shown was on September 12.  This is made clear by the last question propounded by the state's counsel to the prosecuting witness.  The question was:  "I do not remember whether I covered it clearly, but Mr. Frease, at the times you have testified to as seeing the boys drinking as mentioned in this complaint, was that all on the night of the day alleged in the information— September 12. 1908?  Ans. Yes, sir."

Complaint is made that the court committed error in defining the word "knowingly."  In substance, the court said to the jury that the sale was made knowingly within the meaning of the statute, if the appellant's bartender knew or, in the exercise of reasonable prudence should have known, that Nagley was a minor at the date of the alleged sale.  The word was correctly defined.  *State v. Constantine*, 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043.

Stanley Nagley testified that he did not buy beer or other intoxicating liquors of appellant on September 12.  On cross-examination, against the objection of the appellant, he said that he had been drinking that evening.  This is assigned as error.  The inquiry was proper as touching the memory of the witness as to what occurred on that evening, and as a circumstance tending to impeach his testimony.  Other minor questions presented in the brief do not merit separate consideration.

We have found no error in the record, and the judgment will be affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.