[No. 9093.    Department One.    January 6, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. C. A. LAWS, *Appellant*.[1]

INDICTMENT AND INFORMATION—DUPLICITY—LARCENY. An information for larceny is not bad for duplicity in that it charges the stealing of specified articles from the persons of, and belonging to, two parties, where *prima facie*, both occurred at the same time and place and constituted but a single transaction (overruling *State v. Bliss*, 27 Wash. 463).

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered July 1, 1910, upon a trial and conviction of the crime of grand larceny. Affirmed.

*Gus L. Thacker (Hayden & Langhorne,* of counsel), for appellant.

*J. R. Buxton,* for respondent.

PARKER, J.—The defendant was convicted of the crime of grand larceny, upon an information the charging part of which is as follows:

"The said C. A. Laws in said Lewis county, state of Washington, on to wit: the 16th day of December A. D. 1909, then and there being, one certain watch of the value of $20; one gold plated chain of the value of $1; one twenty dollar gold piece of the United States of America of the value of $20; one certain bank note for the payment of and of the value of $5; one certain silver dollar of the United States of America of the value of $1; sundry silver and nickle coins of the United States of America of the value of $1.15, of the personal property of one Ed. Johnson, and one gold filled watch of the value of $40; one watch chain of the value of $4; one certain cloth overcoat of the value of $8, of the personal property of one Axel Johnson, from the person of the said Ed. Johnson and Axel Johnson did feloniously take, steal and carry away."

[1]Reported in 112 Pac. 488.

The defendant demurred to this information upon the
ground, among others, "that more than one crime is charged
in said information." The demurrer was overruled by the
court, and thereafter upon a trial, verdict and judgment
were rendered against the defendant, from which he appeals to
this court, assigning as error the overruling of the demurrer.

. The only contention made by learned counsel for appellant
is that the information charges more than one crime, and for
that reason does not conform to the requirements of Rem. &
Bal. Code, § 2059, which provides that:

"The indictment or information must charge but one crime,
and in one form only, . . . ."

It is insisted that this case is controlled by *State v. Bliss*, 27
Wash. 463, 68 Pac. 87, since this information is in substance
the same as the one there held to be demurrable upon the
ground here urged. That decision, it must be conceded, seems
to fully support the contention of learned counsel for appel-
lant. There are, however, two decisions of this court rendered
since then which have the effect of overruling *State v. Bliss*,
and clearly support the contention here made by the learned
prosecuting attorney that the information does not charge
more than one crime. They are *State v. Butts*, 42 Wash. 455,
85 Pac. 33, and *State v. McCormick*, 56 Wash. 469, 105 Pac.
1037. The holding of these cases seems to be supported by
the weight of authority. Chief Justice Jordan, speaking for
the supreme court of Indiana in the case of *Furnace v. State*,
153 Ind. 93, 54 N. E. 441, reviewing the question somewhat
critically and citing many authorities, said:

"The information charges: 'That William Furnace . . .
on the 29th day of March, 1898, at the county of Sullivan
and state of Indiana, did then and there unlawfully and felon-
iously steal, take, and carry away of the personal goods and
chattels of said Jane Engle $5 in money, and the personal
goods and chattels of Samuel Engle, $4.50 in money, con-
trary,' etc.

"It is urged by appellant's counsel that the pleading em-
braces two distinct and separate larcenies in the same count

and is thereby rendered bad for duplicity. The question in respect to the duplicity of the information depends upon whether it *prima facie* can be said to disclose that two distinct, separate offenses were committed by the defendant in stealing the property as charged. The amount of money stolen in the aggregate was $9.50, $5 of which, it appears from the averments of the pleading, belonged to Jane Engle, and the remainder to Samuel Engle. The information, with a slight or immaterial change, may be read as follows: That William Furnace, at the time and place stated, 'did then and there unlawfully and feloniously steal, take and carry away' $5 in money of the personal goods of Jane Engle and $4.50 in money of the personal goods of Samuel Engle. Then, as an adverb of time, means 'at the time,' referring to the time stated, and the necessary import of the words 'then and there,' as employed in the information, is that the larceny of the $9.50 in money as a whole, a part of which is charged as belonging to Jane Engle and a part to Samuel Engle, occurred at the same time and place and constituted but a single transaction. . . .

"We recognize no good reason to depart from what may be considered the great current of authority and hold the pleading in question bad, when it can reasonably be said that it discloses that the larceny complained of was but a single act or transaction in violation of the law against larceny, although the property which was the subject of the crime belonged to several different persons. The particular ownership, as charged in the pleading, of the money stolen did not give character to the act of stealing it, but was merely a part of the description of the particular crime charged to have been committed. The information, *prima facie*, under the circumstances, can be said to charge but one offense against the state, and is not open to the objection that it is bad for duplicity. The following authorities support our conclusion: *Hoiles v. United States*, 3 MacArthur (D. C.) 370; *State v. Hogan*, Charlt. (Ga.) 474; *State v. Larson*, 85 Iowa 659, 52 N. W. 539; *State v. Paul*, 81 Iowa 596, 47 N. W. 773; *State v. Nelson*, 29 Me. 329; *State v. Warren*, 77 Md. 121, 26 Atl. 500, 39 Am. Dec. 401; *Bushman v. Commonwealth*, 138 Mass. 507; *People v. Johnson*, 81 Mich. 573, 45 N. W. 1119; *Lorton v. State*, 7 Mo. 55, 37 Am. Dec. 179; *State v. Morphim*, 37 Mo. 373; *State v. Merrill*, 44 N. H. 624; *State v. Hennessey*, 23 Ohio St. 339, 13 Am. R. 253; *Fulmer v.*

*Commonwealth,* 97 Pa. St. 503; *Addison v. State,* 3 Tex. Ct. of Appeals, 40; *Alexander v. Commonwealth,* 90 Va. 809, 20 S. E. 782; *Territory v. Heywood,* 2 Wash. Ter. 180, 2 Pac. 189; *Regina v. Bleasdale,* 2 Car. and K. 765; *Regina v. Giddins,* Car. and M. 634; *United States v. Patty,* 2 Fed. 664; *United States v. Scott,* 74 Fed. 213."

The judgment is affirmed.

RUDKIN, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.