[No. 9812.   Department Two.   January 25, 1912.]

THE STATE OF WASHINGTON, *Appellant*, v. LEWIS
MAKOVSKY, *Respondent*.[1]

INDICTMENT AND INFORMATION—DUPLICITY—LARCENY. An informa-
tion for grand larceny is not duplicitous, where it alleges that on a
certain day and at a certain place the defendant, with intent to
deprive the owner thereof, feloniously bought, received and con-
cealed specified articles (stating the value) then and there knowing
that the same had been stolen; as all of the property was received
at the same time and place, even though it belonged to different
persons.°

Appeal from a judgment of the superior court for King
county, Gay, J., entered June 19, 1911, upon sustaining a
demurrer to the information for grand larceny. Reversed.

*John F. Murphy* and *Alfred H. Lundin*, for appellant.

*Miller & Lysons*, for respondent.

MOUNT, J.—The defendant was charged with the crime
of grand larceny, by an information which described the
offense as follows:

"He, the said Lewis Makovsky, in the county of King,
state of Washington, on the 17th day of May, A. D. 1910,
with intent to deprive and defraud the owner thereof, wil-
fully, unlawfully and feloniously, did buy, receive, and aid
in the concealment of the following described stolen property,
to wit:   one (1) diamond ring of the value of fifty dollars
($50) in lawful money of the United States, the property of
one Ida Michaels, and four (4) forks, six (6) table knives,
one (1) nut cracker, and ten (10) nut picks, five (5) fruit
knives, six (6) teaspoons, five (5) teaspoons, four (4) des-
sert spoons, and one (1) pickle fork, one (1) souvenir spoon,
one (1) berry spoon, and one (1) pie knife, of the aggregate
value of fifteen dollars ($15) in lawful money of the United
States, the property of one Sophia Michaels, all of the total
value of sixty-five dollars ($65) in lawful money of the

[1]Reported in 120 Pac. 513.

United States, the said Lewis Makovsky then and there know-ing said property, and the whole thereof, to have been stolen; contrary," etc.

The trial court sustained a demurrer to this information, upon the ground that more than one offense was charged, and dismissed the action. The state has appealed.

It is argued by the appellant that the information is suf-ficient, and not subject to the objection that it is duplicitous under the rule as followed by this court in *State v. Butts*, 42 Wash. 455, 85 Pac. 33; *State v. McCormick*, 56 Wash. 469, 105 Pac. 1037, and *State v. Laws*, 61 Wash. 533, 112 Pac. 488. We are satisfied that the information is sufficient under the rule of those cases.

Counsel for defendant rely upon the rule in *State v. Bliss*, 27 Wash. 463, 68 Pac. 87, which no doubt supports that contention. They seek to distinguish this case. from the cases referred to above, by reason of the fact that it was alleged in those cases that the defendant in a certain county on a given date, "then and there being," did take the prop-erty. It is apparent, however, that the informations in the *Bliss* case, the *Butts* case, and the *Laws* case are identical in the respect that each contains these same words in the same connection. In the *Laws* case, referring to the case of *State v. Bliss*, we said:

"There are however two decisions of this court rendered since then which have the effect of overruling *State v. Bliss*, and clearly support the contention here made by the learned prosecuting attorney, that the information does not charge more than one crime. They are *State v. Butts*, 42 Wash. 455, 85 Pac. 33; and *State v. McCormick*, 56 Wash. 469, 105 Pac. 1037. The holding in these cases seems to be sup-ported by the great weight of authority."

By this statement there can be no doubt that we there ex-pressly overruled *State v. Bliss*. We then quoted from *Fur-nace v. State*, 153 Ind. 93, 54 N. E. 441, as follows:

"We recognize no good reason to depart from what may be considered the great current of authority and hold the

pleading in question bad, when it can reasonably be said that it discloses that the larceny complained of was but a single act or transaction in violation of the law against larceny, although the property which was the subject of the crime belonged to several different persons. The particular ownership as charged in the pleading, of the money stolen did not give character to the act of stealing it, but was merely a part of the description of the particular crime charged to have been committed. The information, *prima facie,* under the circumstances, can be said to charge but one offense against the state, and is not open to the objection that it is bad for duplicity."

In this case, the information charges the defendant with larceny by buying, receiving and concealing stolen property. It recites that the defendant, in a certain county, on a certain day, with intent to deprive the owner thereof, "feloniously did buy, receive, and aid in the concealment of the following described stolen property." Then follows a description of the property and its value. The information then recites: "The said Lewis Makovsky then and there knowing the said property and the whole thereof to have been stolen." It is apparent that this clause refers to the time and place when and where the property was received, and brings the information within the rule in *State v. Laws.* To a person of common understanding, it would readily appear from the information that the property was all received at the same time, at the same place. This is the test. *State v. Druxinman,* 34 Wash. 257, 75 Pac. 814. We think there is no inference in the information that the property was purchased or received or concealed at different times, even though it belonged to different persons. The information was therefore sufficient.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

DUNBAR, C. J., FULLERTON, MORRIS, and ELLIS, JJ., concur.