## PEOPLE v. GRIDER.

### March 14, 1884.

#### 3 Pac. 492.

**Larceny—Intent.**—In a Prosecution for Grand Larceny, if the act of taking the property is admitted, but a felonious intent denied, the question of intent is one for the jury.[1]

APPEAL from the Superior Court of Sonoma County.

The defendant in this case was accused of the crime of grand larceny. Defendant pleaded not guilty. He admitted

[1] Cited in Territory v. Dowdy (Ariz.), 124 Pac. 895, and followed, with the result that the judgment below was reversed because of the court failing to submit the question of intent to the jury.

the taking of money from the pocket of one Carmody, but denied any intent to steal the same. Evidence as to this intent was introduced on both sides. The court ruled that the question of intent was one for the jury, and instructed them if they found a felonious intent, to render a verdict of guilty. The jury found defendant guilty, and from the above ruling and instruction defendant appealed.

Henley & Oates for appellant; Attorney General for respondent.

MYRICK, J.—The information accused the defendant and one Donovan of the crime of grand larceny. That the defendant Grider took the money from the pocket of Carmody when the latter was intoxicated is admitted. The proposition of Grider was that certain persons engaged in a "game" were endeavoring to obtain the money by means of the game, and that he (Grider) took it as a friend of Carmody to protect it for him. On the other hand, the theory of the prosecution seems to have been that Grider took the money feloniously, with intent to steal it, making use of the other idea as a pretext or as an afterthought. In that view the ruling of the court and the instructions were correct.

No error appearing, the judgment and order are affirmed.

We concur: Thornton, J.; Sharpstein, J.