[No. 4107.    Decided March 1, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. OSCAR BLISS, *Appellant*.

LARCENY — INFORMATION — DUPLICITY.

An information charging larceny which alleges the taking of different property from two different persons, without alleging that the taking was at the same time and place, other than the averment that it was on a given day in a certain county, is bad for duplicity and uncertainty, in contravention of the rules stated in Bal. Code, §§ 6844, 6842, requiring that the indictment .or information charge but one crime, in one form only, and that it must be direct and certain as regards the crime charged.

SAME — POSSESSION OF RECENTLY STOLEN PROPERTY — PRESUMPTIONS.

An instruction in a prosecution for burglary that if the jury believe the defendant was found in the possession of the property stolen, soon after it was stolen, "such possession is a strong criminating circumstance tending to show the guilt of the defendant," was erroneous, under the rule in this state which treats the possession of recently stolen property as simply a fact to be considered by the jury as any other fact, and its weight is for the jury alone.

CRIMINAL LAW — EXCESSIVE PUNISHMENT.

The sentence of one convicted of crime to imprisonment for just one half of the maximum penalty provided by statute is not so excessive as to call for the interference of the supreme court with the discretion exercised by the lower court in imposing the sentence.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge. Reversed.

*John Leo* and *J. P. Cass*, for appellant.

*Fremont Campbell*, Prosecuting Attorney, *Charles O. Bates* and *Walter M. Harvey*, for the State.

The opinion of the court was delivered by

HADLEY, J.—Appellant, having been charged with the crime of grand larceny, was tried by a jury, found guilty,

and sentenced to serve a term of seven years' imprisonment in the penitentiary. A demurrer was interposed to the information, on the ground that it charges more than one crime. The demurrer was overruled, to which ruling the appellant excepted. A motion in arrest of judgment, based upon the same ground, was also denied, and exception thereto was duly taken. A motion for a new trial having been overruled, judgment was entered as aforesaid; from which this appeal was taken.

The charging part of the information is as follows:

"That the said Oscar Bliss, in the county of Pierce, in the state of Washington, on or about the 23d day of March, nineteen hundred and one, then and there being, unlawfully and feloniously did steal, take, and carry away one watch, of the value of thirty dollars, the personal goods and property of one Jennie R. Murray, two pearl studs, of the value of ten dollars, and one revolver, of the value of two dollars, the personal goods and property of C. A. Murray, all of said personal goods and property being of the aggregate value of forty-two dollars, contrary," etc.

It is assigned as error that the court overruled the demurrer to the information and denied the motion in arrest of judgment. Appellant urges, under this assignment of error, that the information charges two distinct and separate offenses,—one a larceny of the property of Jennie R. Murray, and the other a larceny of the property of C. A. Murray. It is urged that, to justify the consolidation of two larcenies as one crime, it should be alleged that both were committed at the same time and place. We think the position of appellant's counsel is well taken. Section 6842 of Bal. Code, provides as follows:

"The indictment or information must be direct and certain as it regards  .  .  .  the crime charged."

Section 6844 of the same volume provides that:

"The indictment or information must charge but one crime, and in one form only."

Thus, it is required by the latter provision that but one crime can be charged in the same indictment or information, and the former provision was evidently intended to require that the pleading must be so direct and certain as to the crime charged that there shall be no ambiguity which may lead an ordinarily reasonable mind into confusion as to what may be the actual crime intended to be charged. The information in this case clearly charges the taking of different property from two different persons. It is not alleged that the taking was at the same time and place. It is true it is alleged that the taking occurred in the county of Pierce, and on the 23d day of March, 1901, but for anything appearing upon the face of the information the two persons whose property is alleged to have been taken may have resided in parts of the county remote from each other, and the property may have been likewise situated. The property of one may have been taken in the early part of the twenty-four hour period, or day denominated as March 23d, and that of the other may have been taken in the latter part of such period or day. It is altogether possible for such a taking to have occurred in one instance in the early morning hours of the day at a given place in Pierce county, and in the other instance before midnight of the following night at a place in said county remote from the other. It will not be contended that such a state of facts would not constitute two separate and distinct crimes, and yet the language of this information is broad enough to cover such conditions. The information discloses that there were two separate and distinct ownerships of the property alleged to have been taken, and if it should be

presumed that possession accompanied the ownership, still it cannot be presumed, without averment to that effect, that the possession was at one and the same place, and that the taking occurred at one and the same time, and as one act or offense. We think, therefore, that the demurrer to the information should have been sustained, and that it was error to deny the motion in arrest of judgment for the same reason.

It is also urged that the court committed error during the trial in giving to the jury the following instruction:

"You are instructed that if you believe from the evidence, beyond a reasonable doubt, that the property described in the information was stolen, and that the defendant was found in the possession of the stolen property described in the information, or a portion thereof, soon after it was stolen, then such possession is a strong criminating circumstance tending to show the guilt of the defendant, unless the evidence and facts and circumstances proved shows that he may have come honestly into the possession of the same."

It is contended that the above instruction is a comment upon the facts, and is in violation of the rule that the court shall declare the law to the jury, and shall not comment upon the facts. In *State v. Walters,* 7 Wash. 246 (34 Pac. 938, 1098), a similar instruction was given. In the instruction there given the court told the jury that possession of stolen property is a "criminating circumstance tending to show the guilt of the defendant," etc. In the case at bar the court said such possession is a *"strong* criminating circumstance tending to show the guilt of the defendant," etc. It will thus be seen that the instruction in this case is more open to the criticism offered than that in the former case, since the court in this case intensified the degree of the criminality to be inferred from the circum-

stance of possession by saying it is a *"strong* criminating circumstance," etc.   The court held the instruction in *State v. Walters, supra,* to be erroneous.   As bearing upon this subject we quote from the opinion in that case, at pages 251 and 252, as follows:

"It is contended on behalf of the appellant that the court in thus instructing the jury, not only commented on the facts in evidence, but failed to declare the law correctly.   And we are of the opinion that the instruction is, in a great measure, open to the criticism made by counsel.

"The possession of recently stolen property may or may not be a criminating circumstance, and whether it is or not depends upon the facts and circumstances connected with such possession.   It is a circumstance to be considered by the jury in connection with all the other evidence in the given case, in determining the guilt or innocence of the accused; and its weight, as evidence, like that of any other fact, is to be determined by them alone.   *People v. Chambers,* 18 Cal. 383; *People v. Ah Ki,* 20 Cal. 178; *People v. Noregea,* 48 Cal. 123; *State v. Humason,* 5 Wash. 499 (32 Pac. Rep. 111); *Watkins v. State,* 2 Tex. App. 73.

"Any presumption that may be drawn from such possession is a presumption of fact merely; in other words, it is only an inference that one fact may exist from the proof of another, and does not amount to a rule of law. Whart. Cr. Ev. 758; *Smith v. State,* 58 Ind. 340; *State v. Hodge,* 50 N. H. 510; 3 Greenl. Ev., § 31; *Ingalls v. State,* 48 Wis. 656 (4 N. W. Rep. 785); Bishop, Cr. Proc., § 745."

It will thus be seen that this court cannot sustain the instruction here criticized and at the same time follow the above decision.   Respondent's counsel, however, ask us to reconsider that decision in view of the fact that there was a dissenting opinion in which two of the then members of this court concurred.   It is also urged that the decision is against the weight of authority.   We have re-examined

the authorities cited from other jurisdictions as set forth in the above quotation from that decision, and also other cases cited by them, and we are satisfied that the trend of many of the more modern decisions is in support of the rule announced in *State v. Walters,* viz., that the possession of recently stolen property is simply a fact to be considered by the jury as any other fact in the case, and no presumption or inference of guilt as a matter of law is to be drawn therefrom. At most, any presumption arising from such possession is one of fact merely, with which the jury have alone to do, and it is error for the court to comment upon that fact as one which the jury may consider as *"a strong criminating circumstance tending to show the guilt of the defendant."* The rule in *State v. Walters* being supported by eminent authority, and having stood for years as the rule in this state, we shall adhere thereto. It must, therefore, be held here that the instruction was erroneous.

It is also assigned as error that the sentence of seven years' imprisonment in the penitentiary, in view of the facts in the case, is excessive and unconstitutional. The crime charged is that of grand larceny. The statute provides a minimum imprisonment of six months and a maximum imprisonment of fourteen years for said crime. The trial court is empowered by law to fix the punishment, and, being more in touch with the surrounding circumstances, is ordinarily able to exercise a more wholesome discretion than could be exercised by an appellate court. We are not now prepared to say that this court has not the power to review the act of the trial court in this particular, but, even if it should be held that such power resides in this court, in any event the circumstances would have to be such as would make the punishment appear to be un-

usually oppressive and extreme before we should feel justified in interfering with this prerogative of the trial court. We certainly do not consider the punishment adjudged in this case to be such as calls for any consideration on our part. The term is just one-half the utmost limit provided by law, and we should decline to disturb the judgment under this assignment of error.

But the judgment must be reversed for reasons heretofore given. We do not deem it necessary to discuss other assignments of error in view of the reversal of the case. The judgment is reversed and the cause remanded with instructions to the court below to grant the motion for a new trial and sustain the demurrer to the information, with leave to file a new information if the state so desires.

REAVIS, C. J., and FULLERTON, DUNBAR, WHITE and MOUNT, JJ., concur.

ANDERS, J., concurs in the result.