[No. 4709. Decided December 2, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. H. EUBANK, *Appellant*.[1]

LARCENY—RANGE ANIMALS—EVIDENCE OF CHARACTER OF ANIMAL. Evidence that a horse had been running at large upon land but partially inclosed in an open country where animals come and go at will sufficiently shows the animal to be within the classification of range animals.

SAME—EVIDENCE—POSSESSION OF STOLEN PROPERTY. In a prosecution for larcency, recent possession is a circumstance to be considered by the jury along with other circumstances in evidence.

TRIAL—EVIDENCE—SUFFICIENCY. A motion for an acquittal should be overruled where there is any evidence tending to prove the crime charged.

LARCENY OF RANGE ANIMAL—RECENT POSSESSION—EVIDENCE OF—INSTRUCTIONS. Evidence that an animal was found in the possession of the defendant within a few months after it was permitted to run on the range, raises a question for the jury as to whether it was "shortly after," and warrants an instruction as to the usual presumption from "recent possession."

[1]Reported in 74 Pac. 378.

SAME—COMMENT ON EVIDENCE. In a prosecution for larceny an instruction that "proof of the fact" of possession is sufficient to put upon defendant the burden of explaining such possession, is not objectionable as a comment on the evidence, especially when the succeeding portion adds, "if you find such fact from the evidence."

SAME—POSSESSION OF RANGE ANIMALS—PRESUMPTION—BURDEN OF PROOF. Bal. Code, § 7114, creates an exception to the general rule in ordinary larceny cases, and thereunder in the case of animals allowed to run on the range, proof of possession puts upon defendant the burden of explaining such possession.

TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE. Where a letter had been admitted in evidence to show the intent of the defendant in taking possession of an animal which he was charged with stealing, it is not error or unlawful comment on the testimony, in refusing to reopen the case for the purpose of proving the handwriting, for the judge to state that "it is no issue in this case" and to direct the jury to disregard the matter suggested in the offer.

LARCENY—PROOF OF OWNERSHIP—CROSS-EXAMINATION—INSTRUCTIONS. Where the prosecuting witness states on direct examination that the stolen horse was his, what he says on cross-examination is matter for argument to the jury, and cannot be made the basis for an instruction assuming that he could not swear positively to his ownership of the property.

LARCENY—DEFENSE OF TAKING UNDER CLAIM OF RIGHT—WHEN TO BE SUBMITTED. A defense that property claimed to have been stolen was taken under a claim of right must be submitted to the jury unless the proofs are so convincing as to practically preclude any reasonable possibility of criminal intent.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered July 19, 1902, after a trial and conviction of the crime of larceny. Affirmed.

*M. O. Reed* and *H. W. Canfield,* for appellant.

*Robert M. Hanna,* for respondent.

HADLEY, J.—Appellant was charged with stealing, taking, and driving away, one gray gelding of the value of $60, the property of one Charles Johnson. The jury returned a verdict of guilty as charged. A motion for a

new trial was denied and judgment was entered upon the
verdict, by the terms of which appellant was sentenced to
serve a term of five years in the state penitentiary.    He
has appealed from the judgment.

It is assigned as error that the court overruled a motion
for nonsuit—in effect a motion for acquittal of appellant—
at the close of respondent's case.    It is urged in support
of this assignment that the evidence had not shown the
possession of the animal to have been recent, and that even
recent possession, standing alone, is not sufficient to sup-
port a conviction for larceny.    It is also asserted that the
animal was not a range animal.    The evidence for the
state had shown, that the animal had been running at
large upon land but partially inclosed, through the mid-
dle of which ran the county road; that the character of
the country was the same as any other open country, and
animals come and go at their will.    We think there was
sufficient evidence for the jury that the animal came with-
in the classification of range animals.    Perhaps appel-
lant's assertion that recent possession of itself is not suffi-
cient to warrant a conviction is true, but it is at least a
circumstance to be considered by the jury along with other
circumstances in evidence.    Other circumstances had ap-
peared in the evidence of the state, and the possesssion
shown by the testimony was sufficiently recent for the jury
to consider it with all other evidence.    In *State v. Hyde,*
22 Wash. 551, 564, 61 Pac. 719, this court said of a simi-
lar motion:

"This motion is a general one, and only challenges the
general sufficiency of the evidence; that is, say, in effect,
there is a total failure of evidence.    Upon a motion of this
kind, the only question raised is whether there is any evi-
dence tending to prove the crime charged, not whether the
evidence fails in some particular matters."

To the same effect is *State v. Elswood*, 15 Wash. 453, 46 Pac. 727. We think the state had introduced evidence tending to prove the crime charged, and under the above rule the court did not err in denying the motion for non-suit or acquittal.

Error is urged upon the following instruction given by the court:

"If you find from the evidence that Charles Johnson was the owner of the gelding described in the information, and that said gelding was permitted to run on the range, proof of the further fact that said gelding was shortly thereafter in the possession of the defendant is sufficient to put upon defendant the burden of explaining such possession. The presumption, if any, arising from such fact of possession of range stock, if you find such fact from the evidence, is one of fact only and is rebuttable, and such presumption is overcome whenever a reasonable explanation is made or arises from the evidence; that is, an explanation which you deem reasonable, considering all the facts and circumstances of the case, is given, and is not shown to be untrue."

It is first asserted that there was no evidence that the gelding was found in the possession of appellant shortly after the animal was permitted to run on the range. There certainly was evidence to the effect that appellant was in possession after the gelding was permitted to run on the range. Whether that possession was shortly afterwards was for the jury to determine. The term used by the court is indefinite as to time, and signifies practically the same idea as the common expression "recent possession." The testimony was to the effect that the possession was at least within a few months after the animal was permitted to run upon the range, and we see no prejudicial error in the instruction on the ground urged as above stated.

It is further asserted as against this instruction that it states as a fact that the gelding was shortly thereafter in the possession of the defendant, and that such statement was an unlawful comment upon the evidence. We do not think the instruction is susceptible of such interpretation. After first stating to the jury that if they found from the evidence that the person named in the information was the owner of the animal, and that the gelding was permitted to run upon the range, the instruction then proceeds: "Proof of the further fact that said gelding was shortly thereafter in the possession of the defendant is sufficient to put upon defendant the burden of explaining such possession." The words "proof of the further fact," as used, did not say to the jury that proof of possession had been made, but the fair and, we think, the only reasonable inference from the context is that, if they found from the evidence that such proof had been made, then the burden of explaining it was upon the defendant. This is made clear by the succeeding portion of the instruction, when the court alluded to the presumption arising from the fact of possession of range stock, and added: "if you find such fact from the evidence."

A feature of the above instruction not discussed by counsel we think should be mentioned here, in order that no apparent confusion may exist between this case and other decisions of this court in larceny cases. By the instruction in this case the burden of explaining possession is placed upon the defendant. The instruction upon its face apparently conflicts with the rule announced by this court in *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098. An instruction in that case contained the following:

"In this case if the jury believe from the evidence beyond a reasonable doubt that the property described in the

information was stolen, and that the defendant was found in possession of the property, soon after it was stolen, then said possession is in law a criminating circumstance tending to show the guilt of the defendant unless the evidence and the facts and circumstances proved show that he may have come honestly in possession of it."

The instruction was held to be erroneous on the theory that possession of recently stolen property is only a circumstance to be considered by the jury in connection with all other evidence in a given case.　In *State v. Bliss*, 27 Wash. 463, 68 Pac. 87, the respondent's counsel urged this court to overrule *State v. Walters, supra*, in the above mentioned particular, but we declined to do so, and approved the holding in the former case as the established doctrine of this court. ҆ The instruction in the case at bar was, however, given under the authority of § 7114, Bal. Code, which is as follows:

"In all prosecutions for larceny under the last preceding section, where the animal alleged to have been stolen was permitted by its owner to run on the range, proof of possession of the animal by the person accused of stealing the same shall be prima facie evidence that the accused acquired possession thereof recently, and shall have the effect of throwing on the accused person the burden of explaining such possession."

The previous section, referred to in the above quoted one, relates to the larceny of animals, and it will be seen that the quoted section expressly provides that, when the animal alleged to have been stolen was permitted by its owner "to run on the range," proof of possession by the accused shall be prima facie evidence that it was acquired recently, and shall throw the burden of explaining it upon the accused.　The statute therefore declares an exception to the general rule adopted by this court in ordinary lar-

ceny cases, the exception being restricted to the larceny of animals permitted to run upon the range.

The statute was passed in 1895, and *State v. Walters* was decided prior to this statute. That case involved the larceny of a horse, but the opinion does not disclose whether it was a range animal or not. *State v. Bliss, supra,* however, involved another class of property, and we have made the above observations in order to make it clear that, while we adhere to the general rule reannounced in that case, we at the same time recognize the exception made by the statute cited. We have already said, in *State v. Bliss,* that the general rule adopted is supported by eminent authority, and we now see no reason for changing it, unless it shall be done by the legislature as in the case of the exception herein discussed. The instruction in the case at bar came within the exception, and is therefore not erroneous.

It is assigned that the court erred in refusing to reopen the case and allow appellant to make proof of the handwriting of a certain letter which had already been admitted in evidence. Appellant recognizes that the reopening of the case was largely a discretionary matter with the court, but bases this claim of error chiefly upon the remark of the court made at the time. It was appellant's contention that the letter gave him authority to take possession of the animal, or that he at least believed it did. It was therefore admitted in evidence by the court as bearing upon the question of intention, and was so expressly stated by the court when it was admitted. When afterwards the application was made to reopen the case, appellant's counsel stated that he wished to prove the handwriting of the letter, and the court remarked as follows: "The motion will be overruled because in the opinion of the court it is

no issue in this case, and the jury will disregard from their deliberations in the matter the matter suggested in the offer of this testimony." Appellant contends that the remark of the court had the effect to exclude the contents of the letter from the consideration of the jury, and that it was a comment upon the evidence. We think the effect of the remark was directly opposite to that which appellant claims for it. The letter was already in evidence as bearing upon appellant's intention. The handwriting was therefore not an issue, but the letter was to receive full consideration for the purpose for which it had been admitted. The remark to the jury that they should disregard in their deliberations the matter suggested by counsel was in effect saying that the handwriting was not in issue, and that they should consider the letter without reference to that subject. We think the court did not err in this particular.

It is urged that the court erred in refusing the following instruction:

"Where the alleged owner of goods or property alleged to have been stolen would not swear positively to the property being his, it is your duty to acquit, as this is not sufficient proof of ownership."

We think the testimony as to ownership was sufficiently positive to have made the giving of the above instruction erroneous. The prosecuting witness testified in chief that the horse was his, and what he may have said upon cross-examination was matter for argument to the jury, but was not properly the basis of such an instruction as was requested.

The court gave the following instruction:

"You are instructed that if this defendant took this horse under a claim of right, and you find a fair pretense for so taking said horse, it is your duty to acquit this de-

fendant, though you should find he was mistaken in his claim to said horse."

It is urged that the above instruction was a virtual admission that appellant had introduced that class of testimony which, when done, the law says shall not be submitted to a jury, and that if there was sufficient testimony to warrant the instruction, there was sufficient to warrant the court in taking the responsibility upon himself which he inadvertently gave to the jury. It cannot be the law that, whenever the defense to a prosecution for larceny is a taking of possession under claim of right, the cause shall not be submitted to a jury in a criminal case. It is possible for the proofs to be such as would justify the court in saying that no criminal intent is involved, and that the parties should be referred to a civil action for the settlement of a mere legal controversy. But we apprehend such proofs must be so convincing as will practically preclude, in the mind of a reasonable man, the possibility of a criminal intent. We do not think the proofs here presented such a case. The court, by its instructions, gave the appellant the benefit of this defense, leaving the jury to say whether he had "a fair pretense for so taking said horse." Under the evidence in this case, we think the court did not err.

For the foregoing reasons, we find no reversible error, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR, and ANDERS, JJ., concur.