[Criminal No. 307.   Filed July 6, 1912.]

[124 Pac. 894.]

## TERRITORY OF ARIZONA, Appellant, v. J. T. DOWDY and E. L. GIBSON, Respondents.

1. LARCENY—INTENT—NECESSITY.—The taking by one of the property of another, openly and under an honest, though groundless, claim of right, is not larceny because of the absence of the felonious intent.

2. LARCENY—FELONIOUS INTENT—QUESTION FOR JURY.—Whether the taking by one of the property of another was a taking under an honest, though groundless, claim of right, is for the jury, and, where the jury is in doubt as to motive in the taking, accused must be acquitted.

3. LARCENY—FELONIOUS INTENT—QUESTION FOR JURY.—Where, on a trial for larceny, the theory of the prosecution was that accused took money feloniously with intent to steal, and that his claim that he took it for rent was as a pretext, the court must submit to the jury the question of intent.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Edward M. Doe, Judge.   Reversed.

The facts are stated in the opinion.

Mr. G. P. Bullard, Attorney General, for Appellant.

No appearance for Respondents.

DUFFY, J.—The defendants were jointly indicted by the grand jury of Yavapai county for the crime of grand larceny, to wit, the felonious stealing, taking, and carrying away of $1,024.15 in lawful money of the United States and the property of one Pete Calvi.   At the close of the testimony offered by the prosecution, the defendants moved the court to instruct the jury to acquit, which motion was granted, and from which ruling and judgment of acquittal the territory appeals upon the questions of law.

The evidence of the prosecution tends to show that the defendants went to the saloon of one Calvi in his absence, and placed chains and padlocks on all the doors of the building,

and awaited his return.. In a short time he did return and found the doors chained and padlocked. He was informed by one of the defendants that they had locked up the place and that he could not go in or do business there until their rent was paid. Witness informed them that he had paid his rent to one Ed Zeiger, and owed no rent. He then went away and commenced a legal proceeding for the recovery of his property locked in the building, and returned a few days later with the officer and others for the purpose of having a writ served recovering possession of his property. The defendant Dowdy then, finding the amount of the penalty of the bond given to be $250, informed the officer that a sum of money amounting to $1,024.15 was in the house, and the officer refused to serve the writ until a sufficient bond was given. About a week later, in company with the sheriff, witness returned to the house, and defendant Dowdy admitted them to the saloon and accompanied them inside. A search for the money was made, and it was found that the till and cash register in which the money was kept by the witness, and where it was left by him on the day the saloon was locked up, were empty. The till in the desk had been broken open, and its contents gone. The sheriff asked the defendant Dowdy who got the money, and he stated that these defendants got it, and that his partner, defendant Gibson, took it to Prescott and put it in the bank there. He admitted the sum taken was $1,024.15.

The evidence tends to show that previous to the 9th of July, 1910, on which date the saloon was locked up, these defendants had demanded on two occasions payment of rent, and on the said date, after they had locked up the building, they informed the prosecuting witness that he could not get into the place until he paid back rent. On this state of the proof, the defendants moved the court to instruct the jury to acquit, on the grounds of failure to establish a criminal intent, which motion was by the court granted. The defendants offered no testimony whatever. The territory appeals upon a question of law, and assigns the following error, viz.: The court erred in peremptorily directing the jury, at the conclusion of the territory's case, to bring in a verdict of "not guilty," for a number of reasons, among them the following: "(5) Because the court erred in deciding as a matter of law that the terri-

tory failed to prove a felonious intent on the part of the defendants. (6) Because the asportation of the money having been proven and admitted by defendants, the burden of proving a right to take the money devolved upon defendants, and the court could not say as a matter of law at the conclusion of the territory's case that defendants were justified in taking the money, no testimony of any kind having been introduced by the territory to justify such a conclusion. (7) Because the proof of a criminal intent beyond a reasonable doubt is always a question of fact for a jury and never a question of law for the court.''

It was contended on the trial in the court below that the money was taken by the defendants under an honest claim of right, to satisfy their alleged claim for rent, but we fail to find in the record where such claim was made save by counsel in their argument to the court. Certainly no witness testified to any such claim. Dowdy admitted to the sheriff that he and his partner, defendant Gibson, took the money, and stated that Gibson took it away, presumably to place it in a bank, but no evidence appears in the record that he did place the money in a bank.

The record discloses a claim made by defendants for rent; but no witness testified that these defendants claimed any right to apply the money in the cash register and in the desk to satisfy such rent claim. Certainly defendants made no such claim. They introduced no testimony, and the testimony upon the part of the prosecution could not be tortured into such claim.

It is the law that, where the property of another is openly taken under an honest, although groundless, claim of right, the criminal intent, the felonious intent to defraud, is absent, and such taking is not larceny. 25 Cyc. 49, j, and note 34 on page 50.

Whether the claim under which the property was taken is honest is a question for the jury (*State* v. *Eubank*, 33 Wash. 293, 74 Pac. 378), under proper instructions from the court. And if the jury are in doubt, as to the motive in taking the property, they must acquit (25 Cyc. 51).

The theory of the prosecution seemed to have been that the defendants took the money feloniously, with intent to steal it, making use of the idea that they took it to satisfy a claim for

rent as a pretext or as an afterthought. On that view, the question was for the jury to answer and not for the court to decide. *People* v. *Grider,* 2 Cal. Unrep. 285, 3 Pac. 492.

We hold that it was the duty of the court to submit the question of the intent with which the defendants took the money to the consideration of the jury, there appearing in the testimony material evidence from which such intent could be ascertained, and the court erred in not submitting the question to the jury with proper instructions as a matter of law.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

N. B.—ROSS, J., being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the constitution, called in Hon. FRANK J. DUFFY, Judge of the superior court of the state of Arizona, in and for the county of Santa Cruz, to sit with them in the hearing of this cause.

---

NOTE.—As to what constitutes larceny, see note in 88 Am. St. Rep. 559.

See Reporter's note in preceding case, *ante,* p. 144.