[No. 20549.  Department Two.  July 27, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN COSTELLO, *Appellant.*[1]

[1] LARCENY (39)—TRIAL—INSTRUCTIONS—EFFECT OF POSSESSION OF PROPERTY STOLEN. After giving, at defendant's request, an erroneous instruction to the effect that the unexplained possession of stolen property raises the presumption of guilt, it is error to refuse to give an instruction to the effect that the presumption is rebuttable and may be overcome by a reasonable explanation.

[2] APPEAL (385)—REVIEW—INVITED ERROR. Mistakenly asking for an erroneous instruction, does not invite an error in refusing a further correct instruction modifying the effect of the first one, and which was so closely allied that the two might be considered as one.

Appeal from a judgment of the superior court for King county, Findley, J., entered March 19, 1926, upon a trial and conviction of larceny. Reversed.

*Warren Hardy* and *Henry Clay Agnew,* for appellant.

*Ewing D. Colvin* and *John J. Dunn,* for respondent.

ASKREN, J.—The defendant was charged with taking an automobile without the consent of the owner, and, upon conviction, was sentenced to a term of not less than five years in the state penitentiary.

¹Reported in 258 Pac. 29.

He appeals and presents a single assignment of error, based on the refusal of the court to give a requested instruction. To understand the assignment of error a short statement of the case is essential.

A Chevrolet automobile, belonging to one George Mallet of Seattle, was taken from the place where it was parked in that city on the night of October 12, 1925. It was established by the evidence that, about a month and a half later, the automobile was in the possession of appellant, and on December 6, 1925, the appellant was arrested in Tacoma with the automobile in his possession.

When instructions were prepared for the jury, appellant's then counsel, conceiving the law to be that the recent unexplained possession of stolen property raised the presumption of possessor's guilt, requested the following instructions, which were given by the court:

"5½. It is only the recent unexplained possession of stolen property that raises the presumption of guilt from the possession thereof. Unless you can fix the date of the larceny from the testimony, so that the date on which the defendant is first shown to have been in possession of the property was recently after the larceny, his possession of the property would not raise the presumption of guilt.

"6. You are instructed that the test of recency is: was the interval so short as to render it reasonably certain that there could have been no intervening change of possession?

"7. You are instructed that, when property is stolen, one found in possession thereof so soon thereafter that he could not have reasonably had the possession unless he stole it himself, the law presumes him to be the thief."

Appellant requested a further instruction, which was refused, as follows:

"The jury is instructed that the presumption, if any, arising from such fact of possession, if you find such

fact from the evidence, is one fact only and is rebuttable, and such presumption is overcome whenever a reasonable explanation is made or arises from the evidence; that is an explanation which you deem reasonable considering all the facts and circumstances of the case as given, and is not shown to be untrue."

It is admitted now that instruction No. 5½ was an incorrect statement of the law, as no presumption of guilt arises from the possession of recently stolen property, but it is a circumstance to be taken into consideration by the jury together with all the other facts in the case. *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098; *State v. Bliss,* 27 Wash. 463, 68 Pac. 87; *State v. Eubank,* 33 Wash. 293, 74 Pac. 378.

[1] Error is not predicated upon the giving of this erroneous instruction, because it was requested by appellant, but he does complain of the refusal of the court to modify its blighting effect by giving the requested instruction which was refused.

It seems to us that this point is well taken. Appellant had adopted a theory which obtains in some states, and placed him at a great disadvantage before the jury (36 Cyc. 939). If the court chose to accept this as the law of the case, at appellant's request, certainly it was required to give this companion instruction which, as applied to the theory adopted, clearly stated a correct rule concerning the weight to be given to a presumption of law.

This instruction is taken almost verbatim from one approved by us in *State v. Eubank, supra,* where the charge was one of larceny of range stock under a statute which provided that possession of stolen range stock was *prima facie* evidence that the accused acquired possession recently, and had the effect of throwing the burden upon the accused of explaining such possession.

[2]   The state contends that the appellant, having invited the error in giving instruction No. 5½, cannot complain because the modifying instruction was not given.   But the short answer to this is that no complaint was made of the erroneous instruction.   Complaint is made because, having adopted an erroneous theory, only that instruction was given which placed an undue burden upon appellant, and the one which softened the blow was withheld.

It is manifest that appellant's counsel did not desire that instruction No. 5½ should be given,—indeed it would be advantageous to his client that it be not given.   But thinking it was a correct statement of the law, the one instruction he was interested in having the court give was the refused instruction.   These two instructions dealt with the same matter, and are so closely allied that they might well have been combined in one.   To give one without the other was, under the circumstances, reversible error.

The judgment is reversed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.