# WILLIAM H. DEVINO v. CENTRAL VERMONT R. R. COMPANY.

*A Pleader must state facts, not conclusions. Duplicity.*

1. In an action for negligence it is not enough to state that the defendant was negligent. The count must set forth the facts from which the negligence results.

2. A count declaring upon the negligence of the defendant whereby the plaintiff and his wife were injured in the same accident, and claiming damages for the injury to the plaintiff himself, and also for the loss of the wife's services, is not bad for duplicity.

Case for the negligence of the defendant. The declaration contained three counts. The defendant demurred generally to all the counts, and specially to the first and second counts. Heard at the September term, 1889, Chittenden county, Munson, J., presiding. The demurrer was sustained, and the plaintiff excepted.

The first and second counts were as follows:

"In a plea of the case for that whereas the said defendant corporation before and at the time of committing the grievances hereinafter mentioned, were proprietors, and managers of a certain railroad, engines and coaches for the carriage and conveyance of passengers from White River Junction, in the county of Windsor, State of Vermont, to the village of Winooski, in the County of Chittenden, in said State, for hire and reward to the said defendant in that behalf, to wit, at White River Junction aforesaid, and the said defendant being such owners and proprietors and managers of the said railroad, engines and coaches as aforesaid, thereupon heretofore, to wit, on the 5th day of February, A. D. 1887, at White River Junction, the said plaintiff together with Mary Emma Devino, the plaintiff's wife, at the special instance and request of the said defendant, became and were passengers in the said coaches, to be safely and securely carried and conveyed thereby on a certain journey, to wit, from White River Junction aforesaid, to Winooski aforesaid, for a

certain fare and reward to the said defendant in that behalf, and the said defendant then and there received the said plaintiff and his said wife as such passengers as aforesaid, and thereupon then and there it became and was the duty of the said defendant to safely and securely carry and convey the said plaintiff and his said wife in the said coaches on the said journey from White River Junction aforesaid, to Winooski aforesaid, yet the said defendant not regarding its duty in that behalf, did not use due and proper care and skill in the construction of its said railroad and bridges, and did not keep said road and bridges in a safe and proper condition, it and its servants did not use due and proper care that the said plaintiff and his said wife should be safely and securely carried and conveyed from White River Junction aforesaid, to Winooski aforesaid, but wholly neglected so to do, and suffered and permitted insufficient and defective rails to be laid, and suffered and permitted broken rails to lay and remain upon its track to be passed over by said coaches, and suffered and permitted its bridge at Hartford, in the County of Windsor, to be and remain without proper guard rails and railings and fenders, and also suffered and permitted three of its coaches to run off from the rails and tip over and fall from the said bridge, and then and there suffered them to take fire and be wholly destroyed, that by reason thereof, afterwards, and whilst the said coaches and engines were proceeding with the said plaintiff and his said wife thereon and along said railroad and bridge on the said journey from White River Junction aforesaid, to Winooski aforesaid, to wit, on the day and year aforesaid, at Hartford aforesaid, the said coaches then and there became derailed and tipped over and fell from the said bridge, and were consumed by fire, and by means whereof the plaintiff's said wife was killed and consumed; and the plaintiff was greatly injured about the head and back, and otherwise greatly injured.

And also by means of the premises the said plaintiff became and was sick, sore, lame and disordered, and so remained and continued for a long space of time to wit, hitherto, during all which said time the said plaintiff suffered and underwent great pain, and was hindered and prevented from transacting and attending to his necessary and lawful affairs by him during all that time to be performed and transacted, and lost and was deprived of divers great gains, profits and advantages, which he might and otherwise would have derived and acquired, and thereby also the said plaintiff was forced and obliged to and did then and there pay, lay out, and expend divers large sums of money, amounting in the whole to the sum of one thousand dollars, in

and about endeavoring to be cured of the said bruises, and injuries so received as aforesaid.

And by the means of the premises the said plaintiff lost and was deprived of the comfort and society of his said wife, and also her aid and assistance in the management of his domestic affairs, which he otherwise would have had and enjoyed, and was forced to lay out and expend a large sum of money in finding the remains of his said wife and the burial thereof, to wit, the sum of five hundred dollars, and which is to the damage of the plaintiff thirty thousand dollars, to recover which this suit is brought.

"Also in a further plea of the case for that whereas before and at the time of committing the grievances by the said defendant as hereinafter mentioned, the said defendant was the owner and proprietor of a certain railroad, engines, cars and coaches, by it used and employed in carrying passengers from White River Junction, in the County of Windsor, State of Vermont, to Winooski village, in the County of Chittenden, said State.

And being such owner of the said railroad, engines, and cars and coaches, the said defendant on the fifth day of February, A. D. 1887, to wit, at White River Junction aforesaid, received into one of its said cars or coaches one William H. Devino, the plaintiff, and his wife, Mary Emma Devino, as passengers therein, to be carried and conveyed thereby on a journey; to wit, from White River Junction aforsaid, to Winooski village aforesaid, for a certain fare and reward to the defendant in that behalf. And by reason thereof the said defendant was in duty bound safely and securely to have conveyed or caused to be conveyed the said plaintiff and his said wife, by the said coach on said journey from White River Junction aforesaid, to Winooski village aforesaid, yet the said defendant not regarding its duty in this behalf, suffered and permitted the plaintiff to be greatly injured about the head and back, and suffered and permitted his said wife, Mary Emma Devino to be killed and destroyed, whereby and by reason of which the plaintiff was put to large expense to wit: one thousand dollars in curing himself of the injuries received, and suffered great pain and was prevented from transacting and attending to his necessary and lawful affairs, by him during all that time to be performed and transacted, and was deprived of divers great gains, profits and advantages which he might and otherwise would have derived and acquired, amounting to two thousand dollars. And also by means thereof was deprived of and lost the comfort and society of his said wife, and also her aid and assistance in the management of his domestic affairs and her services and comforts which he otherwise would have had and

Devino *v.* Central Vermont R. R. Company.

enjoyed, and was forced to lay out and expend large sums of money in finding her remains and burial thereof, to-wit, the sum of one thousand dollars."

*A. V. Spaulding*, and *Hard & Cushman*, for the plaintiff.

The first two counts are not double. They state a single cause of action. The fact that they seek a recovery for several elements of damage arising from the same negligence does not render them demurrable. Gould Pl. 219; 1 Chit. Pl. 349; 3 Saund. 171, b.; *Bayles* v. *Kan. Pac. R. R. Co.* (Col.) 5 L. R. Ann. 480; *Bayless* v. *Glenn*, 72 Ind. 5; *Moritz* v. *Splitt*, 55 Wis. 441.

*C. W. Witters*, for the defendant.

The first count is double. It alleges two distinct causes of action. 1 Chit. Pl. 227; Gould Pl. 206-note; *Vaughan* v. *Evart's Exr.*, 40 Vt. 526.

The second count is bad for that it does not allege any facts from which the negligence of the defendant can be inferred. It merely states the conclusion. *Kennedy* v. *Morgan*, 57 Vt. 46.

The plaintiff cannot recover for the neglect of the defendant resulting in the death of his wife. There was no such right at common law and the statute does not give it. 1 Camp. 493; *Kirney, Admr.* v. *The Boston & Worcester R.R. Co.*, 9 Cush. 105; *Green* v. *Hudson River R.R. Co*, 23 Barb. 9; *Mobile Life Insurance Co.* v. *Brame*, 95 U. S. 754; *Sherman* v. *Johnson*, 53 Vt. 40; *Kramer* v. *San Francisco Market Street R. R. Co.*, 25 Cal. 434; *P. R. R.* v. *Zebe*, 33 Penn. 318; *P. R. R.* v. *Bantom*, 54 Penn. 495; *C. & P. R.* v. *Rowan*, 66 Penn. 393; *Owen* v. *Brocksmidt*, 54 Mo. 285; *Murphy* v. *N. Y. C. R. R.*, 88 N. Y. 445; *Rains* v. *St. L. J. M. & S. Ry.*, 71 Mo. 164; 5 Am. & Eng. R. R. Cas. 610; 8 Ib. 490.

The opinion of the court was delivered by

POWERS, J.   This is a demurrer to the declaration which is in three counts.

The plaintiff concedes that the third count is bad.

The second count goes upon the ground of the negligence of the defendant to discharge its duty to safely transport the plaintiff and his wife from White River Junction to Winooski. But in this count the facts which give rise to the duty, and the omission of which create the negligence of the defendant, are not set forth, and the pleader merely states a conclusion of law. This is a fatal defect.   *Kennedy* v. *Morgan*, 57 Vt. 46.

The first count is specially demurred to on the ground of duplicity.

Duplicity is defined to be the joinder of different grounds of action to enforce a single right of recovery.   Gould Pl. Chap. 4, s. 99.   Here the ground or cause of action, is the negligence of the defendant.

This negligence was the common source of disastrous consequences both to the plaintiff and to his wife, as much as if a person strike a blow which hits two persons at the same time. There is then only one *ground* of action stated in the count.

Does it seek to enforce anything but a "single right of recovery?"

In *Guy* v. *Livesey*, *Cro. Jac.* 501, there was a count in trespass for an assault and battery upon the plaintiff *and* upon his wife *per quod consortium uxoris amisit*.   After verdict a motion in arrest was filed based upon the ground that the count was double.   But all the court held that the action was well brought, for as to the battery of the wife the plaintiff sought no recovery but only for the loss which he suffered by reason of that battery upon the wife.

If a battery be inflicted upon the wife the damages to the husband springing from the loss of the wife's society and services, are the husband's exclusive personal damages.   In a count merely to recover such damages all the allegations showing the

Devino *v.* Central Vermont R. R. Company.

battery to the wife should be set forth as they would be, in a count in favor of the husband and wife to recover for the damages to the wife for the battery.

A count seeking a recovery for the husband's damages for loss of the wife's services consequent upon a battery of the wife, can be joined in a declaration with a count for damages resulting from a battery upon the husband alone. 1 Chit. Pl. 73 ; 1 Salk. 119 ; Selwyn N. P. 286.

If in a single count nothing but damages personal to the husband and arising at the same time and from the same cause, are sought, how can they be treated as anything but the result of a " single right of recovery."

But at all events the objection to the first count amounts to this, that the plaintiff in this count asks for more damages than he is entitled to. If he cannot recover for the consequential damages he may for those done by the battery upon himself.

The count is not demurrable because the plaintiff claims too many items of damage. 1 Chit. Pl. 349; *Bayles* v. *Kan. Pac. R. R. Co.*, 13 Col. 181 (5 L. R. A. 480) ; *Bayles* v. *Glenn*, 72 Ind. 5 ; *Moritz* v. *Splitt*, 55 Wis. 441.

*The judgment is reversed. The demurrer is sustained as to the 2d and 3d counts and overruled as to the 1st count and that count is adjudged sufficient. The case is remanded with leave to replead, to both parties.*