STATE OF MARYLAND *vs.* NELSON WARREN.

*Indictment for Larceny—Duplicity.*

An indictment containing two counts, in each of which the prisoner is charged with stealing several sums of money at the same time, belonging to several owners, is not bad for duplicity, such stealing constituting but one offence.

APPEAL as upon WRIT OF ERROR, from the Circuit Court for Montgomery County.

To the indictment in this case the traverser demurred, and the Court sustained the demurrer and quashed the indictment, upon the ground that it was bad for duplicity. The case is further stated in the opinion of this Court.

The cause was submitted on briefs to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, MCSHERRY, and BRISCOE, J.

*Edward C. Peter, State's Attorney for Montgomery County,* and *John Prentiss Poe, Attorney-General,* for the appellant.

*Thomas Anderson,* and *W. Veirs Bouic, Jr.,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The question raised in this case is one of some importance in criminal pleading. The indictment contains two counts, in each of which the prisoner is charged with stealing several sums of money at the same time, belonging to several owners. And the question is

whether these counts are bad for duplicity. Now, by duplicity in criminal pleading is meant the joinder of two or more distinct and separate offences in the same count. The object of all pleading, civil and criminal, is to present a single issue in regard to the same subject-matter, and it would be against this fundamental rule to permit two or more distinct offences to be joined in the same count. So the question really comes to this: Does the stealing of several articles of property at the same time, belonging to several owners, constitute one offence, or as many separate offences as there are different owners of the property stolen? And, though the question is a narrow one, it is at the same time one in regard to which there is some conflict of opinion. Upon principle, however, it would seem clear that the stealing of several articles at the same time, whether belonging to the same person, or to several persons, constituted but one offence. It is but one offence, because the act is one continuous act—the same transaction; and the gist of the offence being the felonious taking of the property, we do not see how the legal quality of the act is in any manner affected by the fact, that the property stolen, instead of belonging to one person is the several property of different persons. The offence is an offence against the public, and the prosecution is conducted, not in the name of the owner of the property, nor in his behalf—but in the name of the State, the primary object being to protect the public against such offences by the punishment of the offender. And, although it is necessary to set out in the indictment the ownership of the property, this the law requires in order that the prisoner may be informed as to the precise nature of the offence charged against him; and further, to enable him to plead a former conviction or acquittal, in bar of a subsequent prosecution for the same offence. So, it seems clear to us on principle, that the taking of several arti-

cles of property under such circumstances constitutes but one felony. And this view is fully sustained, not only by the standard elementary books on criminal law, but by the best considered cases. And though the stealing of property at different times, whether belonging to the same person or different persons, constituted separate offences, yet says Mr. *East,* "if the property of several persons, lying together in one bundle or chest, or even in one house, be stolen together at one time  *  *  * the value of all may be put together so as to make it grand larceny,  *  *  * for it is one entire felony." 2 *East Pleas Crown, sec.* 136. The same rule is laid down in 2 *Hale's P. C.,* 531, and 3 *Chitty's Criminal Law,* 9–24, and in 2 *Russell on Crimes, sec.* 127, and in fact by all the books, ancient and modern, in which the question has been considered. And in England there has been no departure, so far as we are advised, from the rule. In *Reg. vs. Giddins, and others,* 1 *C. & M.,* 634, where the indictment, which contained *only one count,* charged the four prisoners of assaulting and stealing *from G. P. two shillings,* and *from H. P. one shilling and a hat,* TINDAL, C. J., said: "It is all one act, and one entire transaction. The two prosecutors were assaulted and robbed at one and the same time; and there was no interval of time between the assaulting and robbing of the one, and the assaulting and robbing of the other. If there had been, the felonies would have been distinct, but that is not so in the present case."

And in *Fulmer vs. Commonwealth,* 97 *Penna.,* 503, where the indictment, as in this case, contained two counts, in each of which the prisoner was charged with stealing several articles of property belonging to several owners, the taking being at the same time, and motion was made to quash the first count in the indictment, on the ground that it charged the prisoner with three separate felonies, the Court, after a full review of the auth-

orities, held that, although the property stolen belonged to distinct owners, it constituted but one offence, and the motion to quash was overruled. And without quoting from the decisions, we may refer to *State of Ohio vs. Hennessey*, 23 *Ohio State*, 339, and *State vs. Merrill*, 44 *N. H.*, 624, in which the question was fully considered, and decided in accordance with the views we have expressed.

The punishment prescribed by the statute for stealing goods of the value of five dollars is different, it is true, from that prescribed for stealing goods and chattels of less value. And the aggregate value of the several articles stolen may exceed five dollars, whereas the separate value of each article may be less than five dollars. But at common law there was a still greater difference in the degree of punishment between *grand larceny*, that is, the stealing of goods of the value of twelve pence, and *petit larceny*, which was the stealing of goods under the value of twelve pence. And yet it was always held that where the aggregate value of the several articles stolen amounted to twelve pence, whether *belonging to the same person or to several persons*, if taken *at the same time*, constituted grand larceny,—it constituted grand larceny because it was one felony. And besides, it is always within the province of the jury to find the value of the property, and where the indictment charges it to be of the value of five dollars or more, and the proof shows it to be of less value, the jury ought so to find in accordance with the fact.

> *Judgment reversed, and*
> *case remanded.*

(Decided 14th March, 1893.)