# Sloss-Sheffield Steel & Iron Co. v. Smith.

*Action for Injury to Employe.*

(Decided Feb. 26, 1910.   52 South. 38.)

1. *Master and Servant; Injury to Servant; Complaint.*—A count framed under subdivision 1 of the Employer's Liability Act (Section 3910, Code 1907) which ascribed the negligence to failure to furnish applicances as a defect in the ways, works, etc., fails to allege defects within the meaning of such subdivision, and is, therefore, insufficient.

2. *Same.*—One suing under the Employer's Liability Act should state a good cause of action in each count so that the court and the defendant may know the exact cause of action alleged in each count, although it is not necessary that each count of the complaint should state under which subdivision of the Employer's Liability Act, the same·is drawn, or whether the action is under the common law.

3. *Same; Fellow Servant; Duty of Master.*—The master owes the servant the duty to employ careful and competent fellow servants.

4. *Pleading; Demurrer; Grounds.*—A demurrer to a complaint for injuries to employes which alleges as grounds that the complaint does not state a cause of action under the Employer's Liability Act, is not good, for the reason that the defendant cannot dictate under which law the plaintiff shall bring his action and for aught that appears therein, the action may have been a good common law action.

5. *Pleading; Duplicity.*—Duplicity in pleading means the joining of two or more causes, offenses or defenses in one count or plea, etc., double plea. It does not include a union of two or more facts which together constitute but one single cause of action or offense or defense.

6. *Same.*—Where a single count contains several averments, all of which combine to make up one cause of action, it is not rendered bad on account thereof, but each several averment requires proof to sustain it.

7. *Same; Disjunctive Allegation.*—A single count may contain several distinct and independent averments, each of which present a substantial cause of action, but they should not be stated disjunctively or alternately.

8 *Same; Duplicity.*—Duplicity is allowed under our system of pleading, and hence, a count may contain several distinctive averments, each of itself stating a good cause of action, and the count will be good against demurrer, provided the same cause of action is stated in all the averments, and proof of anyone of the independent averments will entitle the plaintiff to a verdict.

9. *Same; Independent Tort.*—The fact that duplicity is allowed in the pleading, does not authorize several distinct torts constituting separate causes of action to be joined in one count, although such causes may be joined in one complaint.

10. *Same; Conclusion; Negligence.*—A complaint which states simply 'that plaintiff suffered injuries which resulted proximately from the negligence of defendant in failing to employ competent workmen states only a legal conclusion without disclosing any facts showing the mode, manner, means or agency by which plaintiff was injured, and is hence, bad.

11. *Same; Admission; Conclusion.*—The truth of a legal conclusion pleaded is never admitted even when heard on demurrer.

12. *Charge of Court; Ignoring Evidence.*—A charge predicating a verdict on a portion of the evidence only, is bad.

APPEAL from Walker Law and Equity Court.

Heard before Hon. THOMAS L. SOWELL.

Action by S. A. Smith against the Sloss-Sheffield Steel & Iron Company for personal injuries sustained by an employe. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. The court should have sustained the demurrer to the first count of the complaint, since the cause alleged constituted no part of the ways, works, machinery, etc.—*Bir. F. Co. v. Gross*, 97 Ala. 220; *Southern Ry. Co. v. Moore,* 128 Ala. 435; *Sloss S. S. & I. Co. v. Mobley,* 139 Ala. 425; *Holland v. Tenn. C. I. & R. R. Co.,* 91 Ala. 450. The court should have sustained demurrer to the 4th count.—*Hol-*

*land v. Tenn. Co. supra; Smoot v. M. & M. R. R. Co.,* 67
Ala. 13; *M. & O. v. Thomas,* 42 Ala. 672; *First Nat.
Bank v. Chandler,* 144 Ala. 308; 173 Pa. 228; Count 5
was patently bad.—*First Nat. Bank v. Chandler, su-
pra; Conrad v. Gray,* 109 Ala. 130; 107 U. S. 454; 1 Le-
batt 418. Counsel discuss the evidence and the refused
charges with citation of authority, but it is not deemed
necessary to here set them out.

LEITH & GUNN, for appellee. The 1st count was
good as against the demurrer.—*Going v. Ala. S. & W.
Co.,* 131 Ala. 557; *S. S. S. & I. Co. v. Mobley,* 139 Ala.
425. The court properly overruled the demurrer to the
4th count. Also to counts 5, 6 and 11.—*A. G. S. v.
Vail,* 142 Ala. 134. The court did not err in refusing
the defendant the affirmative charge as to count 11.—
*Ala. C. & C. Co. v. Heald,* 45 South. 686. Charge 3 was
properly refused.—*S. S. S. & I. Co. v. Mobley, supra;
Thomas v. Bellamy,* 126 Ala. 253.

MAYFIELD, J.—Count 1 of the complaint was as
follows: "The plaintiff, S. A. Smith, claims of the de-
fendant, Sloss-Sheffield Steel & Iron Comupany, a cor-
poration, $5,000 as damages, for that on, to wit, the
22d day of September, 1906, the defendant was a cor-
poration in Walker county, Alabama, and was engaged
in building a trestle and the plaintiff was an employe
of the defendant, and was working on said trestle for
defendant, and whilst so engaged on, to wit, the date
above specified, plaintiff had the bone in his right arm
fractured, and his right arm otherwise injured, and his
left arm and wrist was sprained, broken, and injured,
and his left leg, head, and neck were also bruised and
hurt, and said injuries are permanent, and as a result
thereof the plaintiff lost valuable time, and incurred

doctor's bills and nurse hire, and suffered great pain, both mentally and physically. And plaintiff alleges that his injuries were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, and that the said defendant did not furnish the proper and necessary appliances for handling the timbers used in the building of said trestle. And said defect arose from, or had not been discovered or remedied owing to, the negligence of the defendant, or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition." This count was subsequently amended, but was not cured of the defects hereinafter pointed out.

Count 4 of the complaint was as follows: "The plaintiff, S. A. Smith, claims of the defendant, Sloss-Sheffield Steel & Iron Company, a corporation, $5,000 damages, for that on, to wit, the 22d day of September 1906 the defendant was a corporation in Walker county, Alabama, and was engaged in building a trestle, and the plaintiff was an employe of the defendant, and was working on said trestle for defendant, and whilst so engaged on, to wit, the date above specified, plaintiff had the bone in his right arm fractured, and his arm otherwise injured, and his left leg, his head, and neck were also bruised and hurt, and said injuries are permanent, and as a result thereof the plaintiff lost valuable time and incurred doctor's bills, and nurse hire, and suffered great pain, both physically and mentally. And plaintiff alleges that his injuries resulted proximately from the negligence of the defendant in failing to employ careful and competent workmen in his business, and said failure to so employ careful and competent workmen resulted proximately in plaintiff's injuries

aforesaid." These two counts will serve to show the defects and insufficiencies of the complaint which were common to all the counts.

It will be observed that the first count is not certain in its averments as to whether it declares under subdivision 1 of the employer's act (Code 1907, § 3910), as for defects in the master's ways, works, machinery, etc., or whether it declares on the common-law liability of the master to furnish the servant proper and suitable tools and appliances with which to perform the services for which he was engaged. This count seems, however, to have been treated as if it was under the first subdivision of the employer's act. The count is insufficient under this subdivision, in that it fails to allege or specify any particular defect, within the meaning of the statute. The averment that "the defendant did not furnish the proper and necessary appliances for handling the timbers used in the building of the trestle" does not allege a defect in the "ways, works, or machinery," but alleges a failure to furnish appliances, which is a common law, and not a statutory duty. If it could be said to state a cause of action, it would require proof of these allegations that the failure to furnish the proper appliances was a defect in the ways, works, or machinery within the meaning of the statute; and this would be impossible because, as a matter of fact and law, it is not such a defect. A plant might be defective, because not supplied with blocks and ropes which were necessary parts of it; but the blocks and ropes themselves, which are appliances, cannot be defective, in that they, or a sufficient number, were not furnished by the master. This was the allegation of count 1 as amended. This is a common-law duty, and not within subdivision 1 of the employer's liability act.—*Jones' Case*, 130 Ala. 471, 30 South. 586. It is not required of a plaintiff to

declare or proclaim in his complaint, or in each count
thereof, under which subdivision of the employer's act
he seeks to recover, or whether he seeks to recover un-
der the master's common-law liability; but he should
state a good cause of action in each count, and should
state clearly and with certainty, and not have the alle-
gations so indefinite or uncertain that the court cannot
know the exact cause of action alleged in each count.

Some of the grounds of demurrer insisted upon by
appellee are to the effect that this count, and those like
it, did not state a cause of action under the first subdi-
vision of the employer's liability act. These were not
good grounds of demurrer, for the reason that there was
no duty resting on the plaintiff to declare under this
subdivision, or under any other, as to that. The de-
fendant has no right to dictate to the plaintiff under
which subdivision or under which law he declares; but
he has a right to be informed with certainty as to which
the plaintiff will proceed under, and against which he
must be prepared to defend. The counts must not be
indefinite or uncertain in their averments as to whether
they proceed under this or that law—the statute, or the
common law—and must identify the subdivision of the
law when such subdivision gives a separate and distinct
right of action from the others. While a defendant has
no right to require the plaintiff to proceed under one
law or another, or under one state of facts or another
(plaintiff being the one who has the right to choose as
to these), yet he has the undoubted right to be in-
formed, with reasonable certainty, as to the particular
case against which he is called to make defense. This
is proper, not only to prevent surprise at the trial, but
to obviate labor and expense to defendant of preparing
himself for trial against claims or actions on which the
plaintiff may have no thought of relying; but this duty

[Sloss-Sheffield Steel & Iron Co. v. Smith.]

as to particularity should not be carried to the extent of so unduly burdening the plaintiff as to needlessly subject his complaint and proof to the objection of fatal variance.

It is a matter too easy of performance not to be required that a plaintiff shall in each count of his complaint—if the action be by a servant against the master for personal injuries—inform the defendant whether he will proceed to enforce the common-law duty of the master to furnish proper appliances, or whether he will proceed under the employer's act, and, if so, under which subdivision. The averments of the count should not leave it in doubt or uncertainty as to which of these liabilities is declared on. The plaintiff may select any, or proceed as to all; but it should be by separate counts as to each, which should be reasonably certain in its averments as to the particular liability sought to be enforced.—*Baylor's Case*, 101 Ala. 488, 13 South. 793; *Dusenberry's Case*, 94 Ala. 413, 10 South. 274; *Burton's Case*, 97 Ala. 240, 12 South. 88; *Mothershed's Case*, 97 Ala. 261, 12 South. 714; *Clement's Case*, 127 Ala. 171, 28 South. 642; *Bunt's Case*, 131 Ala. 596, 32 South. 507; *Tinney's Case*, 129 Ala. 523, 30 South. 623.

Duplictiy in pleading means double pleading, the joining of two or more causes, offenses, or defenses in one count or plea, etc. It does not include a union of two or more facts which together constitute but one cause, offense, or defense. It is the joinder of different grounds of action or defenses to enforce or defeat a single right.—*State v. Warren*, 77 Md. 121, 26 Atl. 500, s. c. 39 Am. St. Rep. 401; *Devino's Case*, 63 Vt. 98, 20 Atl. 953; *Tucker v. Ladd*, 7 Cow. (N. Y.) 450. If a single count contains several averments, all of which combine to make up the one cause of action, this is a good count; but it requires proof of all to sustain it.—*Baylor's*

*Case,* 101 Ala. 493, 13 South. 793; *Dusenberry's Case,*
94 Ala. 413, 14 South. 274. While a single count may
contain several distinct and independent averments,
each presenting a substantial cause of action, these
should not be alleged by disjunctive or alternative aver-
ments; that is to say, that the cause of action consists
either of the one or the other alternative.

It was an ancient rule of pleading that the pleadings
should not be insensible, repugnant, ambiguous, or
doubtful in meaning, nor argumentative, nor in the al-
ternative, nor should they be hypothetical, nor by way
of recital; but they should be positive, and should be
stated according to their legal effect.—1 Chitty, Plead.
260. This rule, however, in many respects has been
more or less relented, and in some states changed by
statute. One count may contain several distinct and
independent averments, each of itself stating a good
cause of action, provided it is the same cause of action
in all the averments, and the count will be good on de-
murrer; and proof of any one of the independent aver-
ments constituting the cause of action will entitle the
plaintiff to a verdict. He need not prove them all.
Any one is sufficient. This is contrary to general rules
of pleading and practice; but it results in this state for
the reason that duplicity in pleading has been allowed
in Alabama since the Code of 1852, and is allowed as to
the complaint, pleas, replications, or other pleadings.—
*Baylor's Case,* 101 Ala. 493, 13 South. 793; *Sampson's*
*Case,* 112 Ala. 425, 20 South. 566. The rule of practice
in this state is expressed thus by Stone, C. J., in the
case of *Houston v. Hilton,* 67 Ala. 374: "Duplicity in
a complaint or plea, unless it be a plea in abatement,
is not ground of demurrer in this state." This resulted
from statute.—See cases collected in 2 Brickell's Dig.
333, and 4 Mayfield's Dig. 452.

This rule, however, does not authorize the joining of several independent and distinct torts, constituting separate causes of action, in one count. Such separate and distinct actions may be joined in one complaint, but not in one count. Our statutes do not authorize this, nor was it allowable at common law.—1 Chitty, Plead. 199, 201, 412. One count might claim in trespass as to land, and also as to the person, provided it was the result of but one transaction, and proof of either would entitle plaintiff to a verdict; but, if each trespass was the result of an independent tort, they could not be joined in the same count.—*Henry v. Carlton,* 113 Ala. 639, 21 South. 225; *Cofer's Case,* 110 Ala. 493, 18 South. 110. Alternative averments of matters of substance are destructive of all certainty in the formation of definite issues for trial. If a plaintiff in a single count shifts his right of action from one ground to another, and states several breaches of duty in the alternative or disjunctive, so that it is impossible to tell upon which of the several he will rely, then there is confusion and obscurity. It is variant, if not contradictory, in its allegations.—6 Ency. Pl. & Pr. 268-270.

Our decisions on the subject of alternative averments of material facts in pleadings are, we confess, somewhat obscure, if not conflicting. Up to the time of the adoption of the Code of 1852, the decisions followed the common-law rule, and were consistent and certain in condemning alternative or disjunctive averments as to material facts. The Code expressly authorized alternative or disjunctive averments in indictments in three particular cases: First, when the offense may be committed by different means or by different intents, then the means or intents may be alleged in the alternative; second, when the criminal act may produce different results then the results may be alleged in the alterna-

tive; third, when offenses are of the same character, and subject to the same punishment, the defendant may be charged with the several offenses in the alternative. This was said to be to prevent multiplicity of counts in indictments. The statute prescribed forms of indictment, thus using alternative averments, which, of course, made the forms and the alternative averments sufficient in these cases.

. Other Code forms in some civil proceedings have been adopted, with alternative averments; and, of course, in such cases, these alternative averments were held sufficient because the statute made them so. These statutes and Code forms have led to this mode of pleading in this state. But it should never be adopted, unless authorized by the statute, and should be avoided as far as possible, because it leads to confusion and uncertainty of triable issues. A pleader may allege that his cause of action or defense is the result of "this," "that," and "another" thing, but not that it is the result of "this," if not of "this" then of "that," and if not of "this" or "that" then of the "other." It was said by the best of ancient pleaders that the word "or" was both a bad and dangerous word to use in pleadings, especially in indictments; and this is true yet, unless its use is authorized by statute.

The fourth count of the complaint was ill, in that it failed to aver any facts showing the mode, manner, means, or agency by which the plaintiff was injured. It does not allege whether plaintiff fell on or off the trestle, or whether the trestle fell on him. True, it alleges that his injuries resulted proximately from the negligence of the defendant in failing to employ competent and careful workmen in its business, and it even repeats this allegation, as if to give it emphasis. This is, therefore, nothing more than a purely legal gratui-

tous conclusion of the pleader. No facts whatever are alleged which will justify such a legal conclusion. No attempt is made to state any facts upon which it is based. It is not alleged that any of defendant's workmen, employes, servants, or agents, competent or otherwise, injured him, or caused him to be injured, intentionally, negligently or accidentally. The master owes his servants the duty to employ competent and careful fellow servants; but his failure so to do does not, alone, render him liable for every injury his servant may suffer while in his employ, nor is it sufficient to merely allege the relation of master and servant, and an injury to the servant, or the failure to employ competent servants and the conclusion that the failure proximately caused the injury. This is no more sufficient than would be the averments that the master had not paid the servant his wages and that this failure caused his personal injuries and suffering complained of.

It is true that our forms of pleadings, in cases of this kind, are very general, and, as has been said, the averments as to negligence are little more than conclusions; yet sufficient facts must be averred to support the conclusions, unless a statute otherwise provides. The negligence or wrong complained of must be alleged and shown to have proximately caused or contributed to the injury, and not merely this gratuitous conclusion of the pleader; but, in addition to it, facts must be alleged to justify the inference or conclusion. For example, if this count sufficiently states a cause of action, and the plaintiff proves the relation of master and servant, proves his personal injury, and that defendant failed to employ competent servants, then he would be entitled to a verdict, no matter what the cause of the injury. The allegation that the injury was proximately caused by the failure to employ is a mere conclusion, and not

susceptible of direct proof, and must be inferred from the facts proven. No facts are required or authorized to be proven which are not alleged. To constitute good pleading the facts should be alleged, whether at common law, in equity, or under Code pleadings. The rule is universal that legal conclusions alone should not be pleaded, and that any pleading which contains nothing more than legal conclusions as to such matter is illy pleaded, unless authorized by statute.

Neither the allegation of a conclusion of law, nor its denial, raises an issue in pleading; hence such averments do not warrant the introduction of evidence. A pleader is under no duty to deny mere legal conclusions; indeed, it is not proper so to do. The truth of such conclusions is never admitted or conceded, even when considered or heard on demurrer.—12 Ency. Pl. & Pr. 1020 et seq. It therefore follows that the demurrers should have been sustained to the first and fourth counts as amended, and to all the others containing the infirmities pointed out in the opinion.

The court properly declined to give the general affirmative charge for defendant. The evidence was abundant and ample to sustain and support a verdict under any one of the counts which remained in the complaint and upon which the trial was had. We are not prepared to say that the evidence did not support amply every material averment of each of the counts upon which the trial was had. The evidence of the defendant's own superintendent certainly tended strongly to support nearly all of the material averments, and some of them are even without dispute.

Nearly all the other charges refused to the defendant were bad, in that they predicated a verdict for defendant upon a finding by the jury of one or more phases of the evidence, to the utter exclusion of other phases,

which were made the sole basis of recovery in some of the counts. It is not necessary to consider these charges separately, because the exact issues and charges will probably not be raised or applicable on another trial. Nor is it necessary on this appeal to pass upon all the questions raised as to the evidence, as these exact questions will probably not arise on another trial, though it is proper to say that we have examined each, and see no error of which the defendant can complain. If any of the rulings could be said to be error, they were certainly without injury.

For the errors pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, SAYRE, and EVANS, JJ., concur.