RALPH S. McGLOTHLIN *v.* STATE OF MARYLAND

[No. 34, October Term, 1937.]

*Decided November 3rd, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Frederick Lee Cobourn,* with whom was *H. Breckenridge Heaps* on the brief, for the appellant.

*Hilary W. Gans, Deputy Attorney General,* with whom were *Herbert R. O'Conor, Attorney General,* and *D. Paul McNabb, State's Attorney for Harford County,* for the State.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Harford County, entered upon the verdict of the court, sitting as a jury, in which the appellant, Ralph S. McGlothlin, was convicted of larceny.

The only question submitted on this appeal relates to the admissibility in evidence of a statement in writing, signed by the appellant, in which there was a confession that certain produce was stolen from the sidewalk in front of the American Store in Aberdeen. The trial court admitted the statement in evidence, over the objection of the accused. This appeal is from that ruling.

The facts are simple. In the early morning of January 27th, 1937, three men had gone to the Town of Aberdeen, in Harford County, for the purpose of robbing the American Store of a safe, but, for some reason, decided they would not go through with that undertaking. They then determined to wait until merchandise from a delivery truck was placed on the sidewalk which passes in front of the American Store and the Great Atlantic & Pacific

Tea Company's store. These men, Howard B. Fletcher, Jacob J. McGlothlin, and Ralph S. McGlothlin, the appellant, loaded a bag of potatoes and some other produce, the property of the Great Atlantic & Pacific Tea Company, into a car and drove away. They were subsequently arrested, jointly indicted for larceny, and brought to trial. Jacob J. McGlothlin and Howard Fletcher pleaded guilty. The appellant's plea was not guilty.

In Aberdeen, the American Store and the store of the Great Atlantic & Pacific Tea Company are in one large building, under one roof, and separated only by a partition in the center, and there is a continuous pavement in front of these places of business, and from this pavement the theft occurred. It was testified that produce for both of these stores is unloaded and piled on this pavement, about fifteen feet apart, and there it is checked. The manager of the store of the Great Atlantic & Pacific Tea Company discovered that some produce belonging to it had been removed or stolen from the sidewalk after it had been placed there from the truck. This was ascertained through his usual routine in the morning of checking the delivery. He found that a hundred pounds of potatoes, fifteen pounds of string beans, thirty-six pints of strawberries, and a case of oranges, were missing. The value of these four packages of merchandise totalled $14.72.

Directly across the street is a store operated by one Goetz. This merchant had been missing articles of merchandise left in front of his store, and decided to watch and to see who was guilty of these thefts. One morning in January, 1937, while watching, he noticed a green car drive up to the curb in front of the Great Atlantic & Pacific Tea Company, and two men get out and load produce into the car, while a third man stayed in the car and assisted in the loading. He was unable to get the license number of the car on this occasion, but did get the first three numbers, and, on another morning, he observed this same car, in the same place, and was able to get the entire license number, which he gave to a police

officer. The car proved to belong to Howard Fletcher. Fletcher was arrested on another charge and, in consequence of information given by him, the appellant was arrested, and while in jail made the statement to the Sheriff that he had gotten potatoes and other vegetables from the pavement in front of the store. The appellant signed a statement to the effect that he had stolen produce which had been delivered on the pavement in front of the American Store at Aberdeen. The statement is here set out in full:

" 'Some time ago, I do not remember the exact date, Howard B. Fletcher, my brother Jake McGlothlin, and I went to Aberdeen for the purpose of getting a safe from the American Store, but finding the inner door to the store barred, we decided not to undertake it. This was three or four o'clock in the morning and we waited around Aberdeen until the American Store delivery truck delivered bread and produce to the store front. We loaded in a quantity of this produce including bread and potatoes and took it away with us in Fletcher's car. Fletcher and my brother divided it between them. I was with these same fellows in at least one other case, when we got articles of food from the sidewalk in front of the American Store in Aberdeen.

" 'I had nothing to do with taking the safe from the store sometime prior to this.' "

The statement was freely made, without coercion, inducement, or promise, and signed by him in the presence of three witnesses. The ground for the objection to the admission of this statement was that it was not connected with the offense charged in the indictment. The indictment charges that these three men did unlawfully steal, take and carry away one box of oranges, of the value of $5 current money, one bag of potatoes, of the value of $4 current money, one crate of strawberries, of the value of $4 current money, and one lot of beans, of the value of $1 current money, of the goods and chattels, moneys and properties of the Great Atlantic & Pacific Tea Company. It is claimed that there is a variance in

the indictment and the voluntary statement made by the appellant. The admissibility of the statement may not be denied because it does not refer to or tend to prove every element of the crime, provided it is identified by its own verbiage or by other evidence as relating to the crime charged in the indictment. Taken in its most favorable light to the accused, it does definitely establish certain elements of the crime. It shows a criminal intent. It identifies the three persons who were associated in the crime. It shows that they were at or near the place where the crime was committed. It identifies by name some of the property and refers to other produce taken and carried away at the same time. It is most significant that, according to the testimony, there was a package of potatoes and three other packages, and the witness Goetz testified that there were altogether four packages removed from the sidewalk, and there were four packages named in the indictment. The time of the theft approximates that as given by the witness Goetz and also that named in the statement. It shows that the accused had previously visited the town of Aberdeen and knew the location of these stores and how goods were there delivered; that it was a joint undertaking of himself and his two associates, who pleaded guilty, and who were with him on another occasion when property was taken, and their use, on the two occasions, of the same green car; that he knew the custom of loading and unloading the goods, and there are other elements of proof referred to by witnesses mentioned in this statement which clearly identify the statement with the charges in the indictment.

These and other facts and inferences identify the crime charged in the indictment as that described in the statement of the accused. It is obvious that the accused did not know the ownership of the property stolen, and in no place in his statement does he directly state to whom the property belonged. It was in fact the property of the Great Atlantic & Pacific Tea Company, so charged in the indictment and so proven. A variance of

the character charged by the accused must be material or place him in second jeopardy for the same offense. 1 *Wharton on Criminal Law,* sec. 90. From all the facts in the case, it would seem impossible to again charge the accused with a theft at the time and place from the American Store of these identical goods, and that seems to be the test of a material variance. The goods taken are definitely identified as belonging to the Great Atlantic & Pacific Tea Company. This court, in discussing the necessity for setting out in the indictment the property stolen, in *State v. Warren,* 77 Md. 121, 26 A. 500, says: "Although it is necessary to set out in the indictment the ownership of the property, this the law requires in order that the prisoner may be informed as to the precise nature of the offense charged against him, and further to enable him to plead a former conviction or acquittal, in bar of a subsequent prosecution for the same offense." The accused would not have the slightest difficulty, should he be indicted for stealing from the American Store, in showing that these goods were the goods of the Great Atlantic & Pacific Tea Company. If he stole other goods from the American Store, that would be another crime for which he might be charged. This is not the precise question raised by the objection, but it is a test of admissibility which can be applied in this case. The subject is further considered in 36 *C. J.* 866.

Even if the written statement was not admissible, this would not constitute ground for reversal, because the sheriff testified to substantially the same facts, without objection or contradiction, as those set out in the statement, and the written statement is only a repetition of that already before the jury.

For the reasons stated, we conclude that there is no reversible error and the judgment of the lower court should be affirmed.

*Judgment affirmed, the appellant to pay costs.*